**STATE of Vermont v. Raymond C. KELTON, III**

[724 A.2d 452]

Nos. 98-001 & 98-002

November 18, 1998. Defendant appeals from an adverse civil suspension ruling

and the trial court's denial of his motion to dismiss the charge of driving under the influence (DUI) in violation of 23 V.S.A. § 1201(a)(2). He maintains that he did not have "actual physical control" of the vehicle. We affirm.

The law enforcement officer's affidavit stated that he saw defendant drive down the street and then park on the north side of the street. At the civil suspension hearing, defendant and other witnesses testified that he was in the car merely to roll up the electronically-operated windows and retrieve a bottle of vodka. Although the officer's affidavit and the testimony supporting defendant's version describe the events leading up to the charge somewhat differently, the trial court based its decision in the civil and criminal proceedings on defendant's concession that he had entered his vehicle and put the key in the ignition to close the electronically-operated windows. Defendant claims that the sole purpose of inserting the key in the ignition was to roll up the windows because, recognizing that he was intoxicated, he had already arranged to get a ride from friends. After the court ruled against defendant, he entered a conditional guilty plea to violating 23 V.S.A. § 1201, reserving the right to take the instant appeal on the issue of actual physical control.

The acts prohibited by the DUI statute specifically include operation, attempted operation, or actual physical control of a vehicle while under the influence of intoxicating liquor or other substance. See 23 V.S.A. § 1201(a). We have consistently interpreted "actual physical control" to mean the immediate potential to operate a vehicle. To implement the public protection policy underlying the statute, we have held for instance that a defendant asleep and slumped over the steering wheel is in actual physical control of the vehicle as that person may awaken and decide to drive while still under the influence. See *State v. Curavoo*, 156 Vt. 72,

75-76, 587 A.2d 963, 965 (1991); *State v. Trucott*, 145 Vt. 274, 279-82, 487 A.2d 149, 152-54 (1984).

Defendant claims that, unlike the above cases where a hypothetical danger existed that the person would regain consciousness and then drive off, no such hypothetical danger existed here. He distinguishes his case by emphasizing his intention to ride in a friend's car rather than drive his own car. He compares his act of electronically closing the car windows to that of manually cranking up car windows, arguing that the nature of both acts is the same and that the latter act would not put the person in actual physical control of the vehicle because keys would not be necessary. According to defendant, to construe his actions as a violation of the statute would contravene the intent of the Legislature since it would lead to an unfair and irrational result.

In effect, defendant attempts to parse intent as somehow separate from the overall purpose of his act. We fail to see the distinction here. Someone asleep in a car might well claim the purpose was to avoid driving while under the influence. Such an assertion is tantamount to claiming a lack of intent, but intent is of no consequence in determining actual physical control. See, e.g., *State v. Hedding*, 114 Vt. 212, 215-16, 42 A.2d 438, 440 (1945) (stating that, since statute prohibits one under influence of intoxicating liquor from operating motor vehicle, no question of intent is involved); *State v. Storrs*, 105 Vt. 180, 184, 163 A. 560, 561 (1933) (holding that turning ignition switch, which defendant did not dispute, itself constituted act forbidden by statute and thus no question of intent was involved); see also *State v. Searles*, 159 Vt. 525, 527, 621 A.2d 1281, 1282 (1993) (Court will not imply mental element where statutory language cuts against such result). Similarly, defendant's intent to leave his car parked on the street and

ride with a friend is irrelevant as his intent might change while he is in the car with the key in the ignition. In either case, the person possesses the immediate potential to operate the vehicle. As we have previously stated, "an intoxicated person seated behind the steering wheel of a motor vehicle at rest is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving a vehicle, but it does exist." *Trucott*, 145 Vt. at 279, 487 A.2d at 152-53 (internal citations omitted). This Court has long focused on the *potential*, not the *intent*, to operate.

Contrary to defendant's suggestion that such interpretation of the DUI statute would contradict legislative intent, we find nothing in the statute to indicate the Legislature intended "actual physical control" to depend on an intent to operate. Finally, we decline defendant's invitation to adopt a totality of circumstances approach to actual physical control as it would lead to inconsistent application of the statute.

*Affirmed.*