Donna Benita STRONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-01-00788-CR.

Court of Appeals of Texas,
Dallas.

Sept. 30, 2002.

---

John Charles Hardin, McKinney, for Appellant.

Tom O'Connell, Criminal District Attorney and Jennifer Anne Castleman, Assistant Criminal District Attorney, for the State.

Before Justices LAGARDE, MOSELEY, and BRIDGES.

## OPINION

Opinion by Justice LAGARDE.

Donna Benita Strong was charged with the class B misdemeanor offense of driving while intoxicated (DWI) pursuant to section 49.04 of the Texas Penal Code. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon Supp. 2002).[1] Appellant pleaded not guilty before a jury. At the close of the State's case, the trial court instructed a verdict of not guilty on the DWI offense and allowed the trial to proceed on the perceived lesser included offense of attempted DWI. The jury found appellant guilty of attempted DWI and assessed a $300 fine. Appellant appeals the judgment of conviction of attempted DWI contending, in three points of error, that: (1) attempted DWI is an unconstitutional crime because it requires a higher burden of culpability than the charged offense; (2) attempted DWI is an unconstitutional crime because it requires proof not included in the original charge and rendered appellant unable to prepare

---

**1.** We note that both the trial court's charge and its judgment state inaccurately that appellant was "charged by information with the offense of attempted DWI."

a defense; and (3) attempted DWI is not a crime because it does not fit within the statutory scheme provided by the legislature and is inconsistent with the purposes of the penal code. The State presents a cross-point challenging the action of the trial court in instructing a verdict of not guilty on the charged DWI offense in light of the evidence adduced at trial. For reasons that follow, we dismiss the State's cross-point for lack of jurisdiction, vacate the trial court's judgment of conviction of attempted DWI, and render judgment that appellant is acquitted of the charged offense of driving while intoxicated. *See* TEX.R.APP. P. 43.3; *Hall v. State*, 81 S.W.3d 927, 931 (Tex.App.-Dallas 2002, pet. filed).

## FACTUAL AND PROCEDURAL BACKGROUND

The State presented evidence during its case in chief that during the early morning hours of May 21, 1998, a Frisco police officer saw a vehicle stopped in the middle of the road, facing north, with its hazard lights blinking. The officer pulled in behind the vehicle and saw appellant alone in the car in the driver's seat. The officer observed that the rear reverse lights of the stopped vehicle were illuminated and testified that the ignition of the vehicle would have to be on for those lights to be illuminated. The officer approached to see if appellant needed assistance. When asked if something was wrong, appellant replied that she was lost and was trying to get to east Dallas. When the officer asked appellant to get out of the car, he had to ask her to put the vehicle in "park" to keep the car from moving. After appellant stepped out of the car, the officer smelled the odor of alcohol on her breath. He noted that her car was facing north even though she said she was trying to get to east Dallas, which was to the south. Appellant admitted she had been drinking wine earlier in the evening. After requesting backup from his sergeant, whose vehicle had a video camera, the officer asked appellant to perform certain field sobriety tests: the horizontal gaze nystagmus, the walk and turn, and the one-legged stand. In the officer's opinion, appellant's performance of the tests indicated she was intoxicated. After he placed her under arrest for DWI, the sergeant read appellant the required statutory warnings. Thereafter, appellant refused to provide a breath sample and was transported to jail.

At trial, appellant pleaded not guilty to the information before a jury. During defense counsel's opening statement, he told the jury that during the trial he would show that after working all day, appellant went home, changed clothes, and went to a restaurant/bar called "Cozy's," where she met a group of people. There, she drank some beer and wine and danced. At some time after 11:00 p.m. she left and, although she was not familiar with the area, she saw a familiar street, Midway Road, and thought, "[if] I take this road, it will run me into LBJ, I'm going to take it home." However, instead of turning south, she turned north, and ended up going north on the Dallas Parkway. Defense counsel told the jury that the "uncontroverted facts are going to be that the ... vehicle in which she was *driving* was stopped ... with hazard lights on, ... [a]nd there's some question whether even the engine was going." (Emphasis added.)

At a recess during the State's direct examination of the arresting officer, the trial court told appellant and her counsel, in relevant part:

> We are to the point it's obvious there's no evidence that the engine was running or we had a motor vehicle being operated.... We have a motor vehicle which, perhaps, one was attempting to operate, but one was not successfully operating.
>
> Because of that, rather than going through with your examination of the

witness, Mr. Hardin [defense counsel], then dealing with the Instructed Verdict issues, I'm inclined rather to defer your Cross Examination until after I rule on the Instructed Verdict issues.

After hearing the State's argument that the evidence was sufficient to establish operation of the vehicle, the trial court stated, in relevant part: "My objection is there's no—the evidence in the light most favorable to the State establishes an attempt to drive the motor vehicle, at a time when the person was intoxicated, if we take it in the light most favorable to the State—beyond a reasonable doubt—such that a rational fact finder could find beyond a reasonable doubt that she was attempting to operate the motor vehicle." After the trial court determined to let the case proceed to the jury on the perceived offense of attempted DWI, the trial court reversed its earlier statement concerning deferral of appellant's cross-examination and permitted defense counsel to cross-examine the State's witness. At the conclusion of appellant's cross-examination, the trial court stated:

As I view this case, unless there's evidence that comes in that establishes Ms. Strong was the driver of the vehicle up to the stop sign where it was depicted on the video where it was stopped, I'm going to grant a Motion for Instructed Verdict on the driving while intoxicated, and proceed on the lesser-included Class C misdemeanor of attempting to drive while intoxicated.

The trial court later commented:

I do not perceive that the evidence presented here is such that a rational finder of fact could conclude beyond a reasonable doubt that she was the driver of the automobile. I reviewed the police officer's statement[2] to see if he had said that [appellant had stated she was driving] in the statement. If he had, I would have regarded the evidence as having been sufficient. But his statement does not say that she said that, and him remembering it out of the air three years later does not have sufficient probative value that I feel that a Jury could conclude to the exclusion of reasonable doubt that she actually said what is attributed to her by the testimony.

Appellant having reserved further cross-examination, the State rested, after which appellant moved for an instructed verdict on the basis there was no evidence on the element of operation of the vehicle. Contrary to his opening statement to the jury that they were going to hear from appellant and that he did not "think wild horses could keep [his] client off the stand," the defense rested without presenting any witnesses. Notwithstanding appellant's opening statement and the State's evidence set out above, the trial court granted appellant's motion and instructed a verdict of "not guilty." Thereafter, the trial court, over appellant's objection, allowed the case to proceed to trial on its belief that, under article 37.09(4), an attempt to operate a motor vehicle while intoxicated constitutes a lesser included offense of DWI. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(4) (Vernon Supp.2002).

The trial court permitted additional "opening statements" on the perceived

---

**2.** The officer's statement, the police report, was not admitted into evidence; nevertheless, the trial court gave it greater weight than the officer's in-court testimony, and the court used the report as the basis for its conclusion that the evidence was legally insufficient. As explained below, we lack jurisdiction to review the merits of the instructed verdict. Thus, we cannot consider the State's arguments that the trial court misapplied the standard for determining the legal sufficiency of the evidence.

lesser included offense of attempted DWI. After presenting additional evidence from the two police officers, the State rested, and without presenting any evidence, appellant also rested.

In relevant part, the trial court charged the jury:

> Now, therefore, if you find from the evidence beyond all reasonable doubt that DONNA STRONG on or about May 21, 1998, did voluntarily attempt to operate a motor vehicle in a public place while intoxicated in Collin County, Texas, and that such attempt amounted to more than mere preparation to effect the commission of the offense of driving while intoxicated, and that such attempt was made by her with a conscious intent or a conscious desire to operate a motor vehicle in a public place while intoxicated, you will find DONNA STRONG guilty as charged.

Defense counsel made a motion requesting the trial court "release Donna Strong from any further involvement with the process in Cause Number 1–82678–98," reasoning that the DWI information did not put her on "notice that she could possibly stand trial for the offense of attempting to drive while intoxicated." He also objected to the case proceeding to the jury on the criminal attempt offense because it imposed an additional element of intent on his client not imposed by the DWI information. Finally, he requested "that the Court, having found [his client] 'Not Guilty' of the offense of driving while intoxicated ... decline ... any further involvement with regard to the charging instrument in Cause Number 1–82678–98." The trial court took "that additionally as a Motion for Instructed Verdict" and denied all relief requested. Neither appellant nor the State objected on grounds that the evidence did not raise the issue of attempted DWI. The State agreed with the trial court that attempted DWI is a legally cognizable offense under current Texas law. The jury found appellant guilty of attempted DWI and assessed her punishment at a $300 fine. This appeal ensued.

## STATE'S APPEAL OF INSTRUCTED VERDICT

In a single cross-point of error, the State contends the trial court erred in granting appellant's motion for instructed verdict acquitting appellant of the charged offense of DWI. The State asserts the evidence was legally sufficient to support submission of DWI to the jury, and the State argues the trial court abused its discretion by determining the evidence was legally insufficient because the court did not believe the arresting officer's testimony. Before we can reach the State's cross-point, we must determine our jurisdiction to resolve its argument on appeal.

### Notice of Appeal Requirement

■ As authority for our jurisdiction over its cross-point, the State relies on article 44.01(c) of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 44.01(c) (Vernon Supp.2002) ("The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment."). The State did not file a notice of appeal. Accordingly, as a threshold issue, we must determine whether our jurisdiction over the State's cross-point has been invoked under article 44.01(c).

■ The State correctly contends that pursuant to article 44.01(c) and *Moffatt v. State*, 930 S.W.2d 823 (Tex.App.-Corpus Christi 1996, no pet.), it is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(c) (Vernon Supp. 2002); *Moffatt*, 930 S.W.2d at 828. How-

ever, neither authority cited by the State reflects whether such an appeal is subject to the requirement imposed by the Texas Rules of Appellate Procedure of timely filing a notice of appeal. *See* TEX.R.APP. P. 25.2(a), 26.2(b). Although the State does not specifically address whether an appeal under article 44.01(c) is somehow exempt from the notice of appeal requirement, its right to bring this "appeal," as well as our jurisdiction over it, depends on such an exemption.

Our sister courts are divided on this issue. The San Antonio, Houston (Fourteenth District), and El Paso Courts of Appeals have concluded the State is *not* required to file a notice of appeal in order to appeal a ruling on a question of law pursuant to article 44.01(c). *See Mizell v. State,* 70 S.W.3d 156, 163 (Tex.App.-San Antonio 2001, pet. granted); *McClinton v. State,* 38 S.W.3d 747, 750–51 (Tex.App.-Houston [14th Dist.] 2001, pet. granted); *Gelo v. State,* 1 S.W.3d 703, 705 (Tex.App.-El Paso 1999, no pet.).

In *McClinton,* the court reasoned that while rule 25.1(c) would prevent the court from granting the State relief under the civil appellate rules, the "criminal analog has no such provision." *McClinton,* 38 S.W.3d at 750. *Compare* TEX.R.APP. P. 25.1(c) ("*Who Must File Notice.* A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal.") *with* TEX.R.APP. P. 25.2 (no such provision included for criminal cases). The *Mizell* court relied on similar reasoning concerning the lack of a criminal counterpart to rule 25.1(c). *See Mizell,* 70 S.W.3d at 163. The *Mizell* court concluded that, although rule 26.2(b) and article 44.01(d) set forth the time in which a notice of appeal must be filed when the State is the appellant, neither article 44.01 nor the appellate rules requires the State to file a notice of appeal when it is appealing

a ruling on a question of law under article 44.01(c). *Id.* (citing TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2002); TEX. R.APP. P. 25.2(a)-(b)(2), 26.2(b)).

In contrast, the Austin and Beaumont Courts of Appeals have determined that the State must file a notice of appeal, even if it is appealing under article 44.01(c). *Ganesan v. State,* 45 S.W.3d 197, 203–04 (Tex.App.-Austin 2001, pet. ref'd); *Malley v. State,* 9 S.W.3d 925, 927 (Tex.App.-Beaumont 2000, pet. ref'd); *Rodriguez v. State,* 939 S.W.2d 211, 219 (Tex.App.-Austin 1997, no pet.). In *Malley,* the court simply stated that the State did not file a notice of appeal, "as it must in order to perfect an appeal." *Malley,* 9 S.W.3d at 927 (citing TEX.R.APP. P. 25.2(a)). The *Ganesan* and *Rodriguez* courts held that, because the State did not file a notice of appeal pursuant to article 44.01(c), the State's appeals were not properly before the courts. *See Ganesan,* 45 S.W.3d at 203–04; *Rodriguez,* 939 S.W.2d at 219.

■ We agree with the Austin and Beaumont courts that the State must file a notice of appeal pursuant to appellate rule 25.2(a), which states, in relevant part, "[i]n a criminal case, appeal is perfected by timely filing a notice of appeal." TEX. R.APP. P. 25.2(a); *see also* TEX.R.APP. P. 26.2(b). We are not persuaded by the reasoning of the courts that have held a notice of appeal need not be filed when the State is appealing pursuant to article 44.01(c). No language in either article 44.01 or the appellate rules exempts the State from the notice of appeal requirement of rule 25.2(a) when it is appealing under article 44.01(c). In fact, by the plain language of rule 25.2(a), death-penalty cases are the only cases in which it is unnecessary to file a notice of appeal. TEX.R.APP. P. 25.2(a). We conclude that the failure to impose a time limit in which an appeal must be filed under article

44.01(c) does not support a presumption that no notice of appeal is required at all. Because the State did not file a notice of appeal, its cross-point is not properly before us.

## Double Jeopardy

■ Moreover, even if the State had filed a notice of appeal and properly invoked our appellate jurisdiction procedurally, we would nevertheless hold that we do not have jurisdiction over the State's complaint concerning the trial court's grant of an instructed verdict on the DWI offense.

■ Jeopardy attaches in a jury trial when the jury is impaneled and sworn. *Alvarez v. State,* 864 S.W.2d 64, 65 (Tex. Crim.App.1993); *see also Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). A verdict of acquittal may "not be reviewed, on error or otherwise, without putting (the defendant) twice in jeopardy, and thereby violating the constitution." *United States v. Sisson,* 399 U.S. 267, 289, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970) (quoting *Ball v. United States,* 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896)). The double jeopardy clause protects against successive prosecutions for the "same offense" following acquittal. *State v. Houth,* 845 S.W.2d 853, 856 (Tex.Crim. App.1992); *accord Iglehart v. State,* 837 S.W.2d 122, 127 (Tex.Crim.App.1992); *State v. Moreno,* 807 S.W.2d 327, 332 n. 6 (Tex.Crim.App.1991); *see also* TEX.CODE CRIM. PROC. ANN. art. 1.11 (Vernon 1977) ("An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been . . . ."). The State may not appeal an acquittal. *Moreno,* 807 S.W.2d at 332 n. 6; *State v. Mohsene,* 936 S.W.2d 732, 734 (Tex.App.Dallas 1996, no pet.). The Supreme Court has held the double jeopardy clause bars appellate courts from setting aside an instructed verdict of acquittal, even when the instructed verdict "was based upon an egregiously erroneous foundation." *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962) (per curiam).

■ The grant of an instructed verdict is not "a ruling on a question of law" as contemplated by article 44.01(c). Article 44.01(c) contemplates a State's appeal of a ruling on a question of law that could, if successful, implicate the judgment of conviction of the appellant. The grant of an instructed verdict on a greater offense is not such a ruling because it does not implicate the judgment of conviction of the appellant on the lesser included offense. It is, rather, a mixed question of law and fact, the resolution of which requires an evaluation of the evidence necessary to establish the greater offense. Put another way, it is not a ruling on a question of law; rather, it is the application of a legal standard to the evidence presented. It is, in effect, a "directed acquittal" of the greater offense. And under the specific facts in this case, if the State were successful in its "appeal" of the trial court's acquittal of appellant for the greater offense, it would not implicate the judgment of conviction of appellant for the perceived lesser included offense. Moreover, to interpret article 44.01(c) to allow such an appeal by the State would render that portion of the statute unconstitutional for violation of the double jeopardy clause of the United States Constitution. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex.2001) ("When possible, we are to interpret enactments in a manner to avoid constitutional infirmities."); *Faulk v. State,* 608 S.W.2d 625, 630 (Tex.Crim.App.1980) ("[W]hen construing a statute, its subject matter, reason and effect must be looked to, and when literal

enforcement would lead to consequences which the Legislature could not have contemplated, courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed."); *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. [Panel Op.] 1979) (statutes are "vested with a presumption of validity and this Court is duty bound to construe such statutes in such a way as to uphold their constitutionality"); *Wilson v. State,* 825 S.W.2d 155, 158 (Tex.App.-Dallas 1992, pet. ref'd) (courts presume statute is constitutional and, when possible, interpret statutes to render them constitutional instead of unconstitutional).

For all the above reasons, we dismiss the State's cross-point for lack of jurisdiction without reaching the merits of the State's complaint that the evidence was sufficient to support submission of DWI to the jury.

## ATTEMPTED DWI

This appeal is a result of the trial court's determination that the attempt statute, section 15.01 of the penal code, applies to the offense of DWI. *See* TEX. PEN.CODE ANN. § 15.01 (Vernon 1994). Section 15.01 is part of Title 4 of the penal code. The provisions of Titles 1, 2, and 3 apply to offenses "defined by other laws," i.e., laws outside the penal code, but Title 4, including the attempt statute, applies only to offenses defined within the penal code. *Id.* § 1.03(b). Before September 1, 1994, the offense of DWI was not defined within the penal code but was defined within the Texas civil statutes at article 6701l-1. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77, *repealed by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704. In 1993, the legislature recodified the penal code. As part of that reco-

dification, the offense of DWI was redefined within section 49.04 of Title 10 of the penal code. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3697. Consequently, effective September 1, 1994, the offense of DWI is no longer defined "by other laws" but is now defined within the penal code and, potentially, subject to the provisions of the attempt statute.

The issue before us in this case is whether by defining the offense of DWI within the penal code, thereby subjecting it to the potential application of the provisions of Title 4, including section 15.01, the legislature intended to—and did—create the criminal offense of attempted DWI.

### Waiver

The State asserts that appellant has waived error in two ways on the issue of the submission of the offense of attempted DWI to the jury: by failing to object on grounds the issue was not raised by the evidence, and by availing herself of the opportunity afforded by the trial court to present a second opening statement on criminal attempt. We disagree. Although appellant's objection is less than articulate and precise, we conclude it is sufficient to put the trial court on notice of her complaint that attempted DWI is not a legally cognizable offense in Texas. Moreover, appellant's presentation of a second opening statement does not constitute a waiver because she subsequently objected to the submission of attempted DWI to the jury. Furthermore, to the extent appellant may be asserting a jurisdictional defect, no objection was necessary to raise it on appeal. *See Puente v. State,* 71 S.W.3d 340, 343 (Tex.Crim.App.2002). We conclude the State's waiver argument lacks merit.

### Lesser Included Offenses

In her third point of error, appellant contends the trial court erred in

entering judgment of conviction for attempted DWI because there is no such offense. Appellant asserts the concept of attempted DWI "does not fit the statutory scheme provided by the legislature and it is inconsistent with the purposes of the penal code." To determine whether the legislature intended for the attempt statute to apply to DWI, we first look to the plain meaning of the statutes and apply their meaning in accordance therewith, unless the language is ambiguous or the result would lead to absurd consequences. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). We give words and phrases in the statutes their plain meaning. *Id.*

▆▆▆▆ The trial court has jurisdiction to enter judgment against a defendant for the charged offense or for any lesser offense included in the charged offense. *Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.Crim.App.1987). When the offense of which the defendant has been convicted is not a lesser included offense of the crime charged, the trial court has no jurisdiction to enter a judgment of conviction for that offense. *Hall*, 81 S.W.3d at 931; *McLeod v. State*, 56 S.W.3d 704, 708 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

"An offense is a lesser included offense if . . . (4) it consists of an attempt to commit the offense charged or an otherwise included offense." TEX.CODE CRIM. PROC. ANN. art. 37.09(4) (Vernon Supp. 2002). The State asserts appellant's conviction is appropriate because attempted DWI, as an attempt to commit the charged offense of DWI, is necessarily a lesser included offense as defined by article 37.09(4).[3]

Under section 15.01(a), a person "attempts" to commit an offense "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PEN.CODE ANN. § 15.01(a) (Vernon 1994). Under section 49.04(a), a person commits DWI "if the person is intoxicated while operating a motor vehicle in a public place." *Id.* § 49.04(a) (Vernon Supp.2002). "Operating a motor vehicle" is interpreted very broadly: "[T]he evidence is sufficient to show operation of a motor vehicle where . . . the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Barton v. State*, 882 S.W.2d 456, 459 (Tex.App.-Dallas 1994, no pet.); *see Denton v. State*, 911 S.W.2d 388, 390 (Tex.Crim.App.1995) (adopting *Barton's* definition of "operating a motor vehicle" for offense of unauthorized use of a motor vehicle); *see also Reddie v. State*, 736 S.W.2d 923, 927 (Tex. App.-San Antonio 1987, pet. ref'd) (definition of "operate," the exertion of personal effort to cause the vehicle to function, incorporated into definition in *Barton*). The action need not succeed in causing the vehicle to function for the person to be operating it. *Freeman v. State*, 69 S.W.3d 374, 376 (Tex.App.-Dallas 2002, no pet.); *Barton*, 882 S.W.2d at 459–60. Therefore, to commit the offense of attempted DWI, a person must have the specific intent to commit DWI and must also, while intoxicated, take some action that is more than

---

**3.** However, if attempted DWI is not an offense, then the trial court lacked jurisdiction to enter judgment convicting appellant of that offense. Essentially, the trial court's jurisdiction over the cause would have ceased when it granted the instructed verdict on the charged DWI. *See Rodriguez v. State*, 852 S.W.2d 516, 519 (Tex.Crim.App.1993) (stating trial court no longer had jurisdiction over case after granting motion for new trial on insufficient evidence ground because granting the motion for new trial was equivalent of acquittal) (citing *Moore v. State*, 749 S.W.2d 54, 58 (Tex.Crim.App.1988), *overruled on other grounds by Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex.Crim.App.1998)).

mere preparation that tends but fails to constitute operating the vehicle in a public place. Because "operating a motor vehicle" is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an "action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Barton*, 882 S.W.2d at 459; *see People v. Prescott*, 95 N.Y.2d 655, 722 N.Y.S.2d 778, 745 N.E.2d 1000, 1005 (N.Y. 2001) (broad definition of "operate" makes attempted DWI unnecessary). Any action would either not be more than mere preparation or it would fall within the broad definition of "operating a motor vehicle."

■ We presume the legislature is familiar with the court's interpretation of statutory terms. The legislature did not define "operating a motor vehicle" under chapter 49 of the penal code; accordingly, we must presume the legislature intended for the same broad construction to be applied. *Miller v. State*, 33 S.W.3d 257, 260 (Tex.Crim.App.2000). Thus, we must presume the legislature was aware that the concept of attempted DWI was subsumed within the offense of DWI.

The State argues that attempted DWI is not subsumed within the offense of DWI because three states, Kansas, New Hamp-

shire, and Vermont, make it an offense to attempt to operate or attempt to drive a vehicle while intoxicated. *See* KAN. STAT. ANN. § 8–1567(a) (Supp.2001) (prohibiting operating or attempting to operate a vehicle while under the influence of alcohol); N.H.REV.STAT. ANN. § 265:82 (Supp.2001) (prohibiting driving or attempting to drive a vehicle while intoxicated); VT. STAT. ANN. tit. 23, § 1201 (Supp.2001) (prohibiting operating, attempting to operate, or being in actual physical control of a vehicle while intoxicated). None of these states has defined the distinction between driving or operating and attempting to drive or operate. In Vermont, this appears to be because the manner and means of being "in actual physical control" of the vehicle subsumes attempted operating. *See State v. Kelton*, 168 Vt. 629, 724 A.2d 452, 453 (1998) (intoxicated defendant who put key in ignition for purpose of raising electric windows was guilty of DWI because he was in actual physical control of vehicle). In New Hampshire, " 'Drive,' in all its moods and tenses, shall mean to operate or be in actual physical control of a motor vehicle . . . ."[4] N.H.REV.STAT. ANN. § 259:24 (1993). As in Vermont, the concept of "actual physical control" in New Hampshire appears to subsume the concept of attempted driving.[5] *See State v. Holloran,*

4. Texas has adopted a similar definition for "drive" as meaning "to operate or be in physical control of a motor vehicle," and for "operate" as meaning "to drive or be in actual control of a motor vehicle." TEX. TRANSP. CODE ANN. §§ 522.003(11), 724.001(11) (Vernon 1999). However, those definitions are applicable only in their respective chapters of the transportation code, the Texas Commercial Driver's License Act and the Implied Consent chapter. *See id.* §§ 522.003, 724.001 ("In this chapter . . . .").

5. In 1976, the New Hampshire Supreme Court held a defendant was attempting to drive while intoxicated when the defendant was asleep and the car was stopped on the side of the road at night with the lights out

and the engine running. *State v. Martin*, 116 N.H. 47, 351 A.2d 52, 53 (1976). The court stated,

> The circumstances under which the defendant was found furnished probable cause to believe that he was then and there engaged in an attempt to operate the vehicle which, although temporarily suspended, would probably be resumed, quite likely at a time when his impaired judgment might satisfy him that his competence to operate had been restored.

*Id.* In 1981, the New Hampshire Legislature added section 259:24 defining "drive" as being in actual physical control of a vehicle. The broad definition of "drive" appears to include the circumstances the New Hamp-

140 N.H. 563, 669 A.2d 800, 801 (1995) (per curiam) (mem.) (defendant in actual physical control of vehicle even though the vehicle was parked and the engine was not running). These states' statutes, therefore, do not establish that a distinction exists between driving or operating and attempting to drive or operate a motor vehicle.

Furthermore, in these states, attempting to drive or operate is not a lesser included offense of DWI, but is one of the means of committing, and proving, a discrete element of the offense of DWI. Under section 15.01, the required proof would not be that appellant was attempting to drive or operate the vehicle while intoxicated, as under the Kansas, New Hampshire, and Vermont statutes, but, rather, would be that appellant had the specific intent to commit the offense of DWI and took some action more than mere preparation tending but failing to result in the commission of driving while intoxicated. The State's argument—that the statutes of Kansas, New Hampshire, and Vermont demonstrate that attempted DWI is a legally cognizable offense in Texas—lacks merit.

■■■ For a person to commit an offense under section 15.01, the attempt statute, the person must have "the specific intent to commit" the offense attempted. *See id.* § 15.01. The attempt statute does not apply when the culpable mental state for the offense attempted is less than knowing. *See Ex parte Buggs,* 644 S.W.2d 748, 749 (Tex.Crim.App.1983); *Gonzales v. State,* 532 S.W.2d 343, 345 (Tex.Crim.App. 1976); *Yandell v. State,* 46 S.W.3d 357, 361 (Tex.App.-Austin 2001, pet. ref'd). DWI has no culpable mental state; thus, the attempt statute cannot apply to the offense of DWI. *See* Tex. Pen.Code Ann. § 49.11(a) (Vernon Supp.2002) ("Notwithstanding

Section 6.02(b), proof of a culpable mental state is not required for conviction of an offense under this chapter."). Thus, by providing that proof of a culpable mental state is not required for DWI, the legislature made clear it did not intend for the attempt statute to apply to DWI.

The State also argues that if the legislature had intended for attempted DWI *not* to be a lesser included offense of DWI, it would have clearly so provided in the statute. For example, the legislature has provided that public intoxication is not a lesser included offense of DWI. Tex. Pen.Code Ann. § 49.02(d) (Vernon Supp.2002). Public intoxication could arguably be a lesser included offense of DWI but for the specific provision that it is not. *See* Op. Tex. Att'y Gen. No. MW–97 (1980) (public intoxication fits definition of lesser included offense under article 37.09(1)). *Compare* Tex. Pen.Code Ann. § 49.04(a) (Vernon Supp.2002) ("A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.") *with id.* § 49.02(a) ("A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another."). Under the 1973 penal code, as originally enacted, public intoxication did not contain the provision stating it is not a lesser included offense of DWI. Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 957. The legislature amended the public intoxication statute in 1985 after the attorney general issued an opinion stating that public intoxication could be a lesser included offense of DWI. *See* Act of May 25, 1985, 69th Leg., R.S., ch. 802, § 1, 1985 Tex. Gen. Laws 2859, 2859; Op. Tex. Att'y Gen. No. MW–197 (1980). By amending the public intoxi-

---

shire court found in 1976 constituted only an attempt to drive. Thus, *Martin* does not ap-

pear to apply to the meaning of "attempt to drive" after 1981.

cation statute to provide that public intoxication is not a lesser included offense of DWI, the legislature determined that DWI was to have no lesser included offenses. Thus, contrary to the State's argument, the existence of section 49.02(d) evidences the legislature's intent that DWI have no lesser included offenses.

However, if we are incorrect in concluding that the plain statutory language shows the legislature did not intend for the attempt statute to apply to DWI, we must consider whether applying the attempt statute to DWI would lead to an absurd result. As discussed above, the same conduct constituting attempted DWI would necessarily constitute DWI. The legislature has passed many provisions, both civil and criminal, for the punishment of persons convicted of DWI, for the protection of the public from persons charged with or convicted of DWI, and to deter the public from committing DWI. Although the same conduct supporting arrest or conviction for attempted DWI would be sufficient to support arrest or conviction for DWI, the consequences to the defendant, and to the public, would be quite different.

A defendant convicted of DWI would be subject to mandatory jail time and would not be eligible for deferred adjudication or early termination of community supervision. See TEX.CODE CRIM. PROC. ANN. arts. 42.12, §§ 5(d), 20 (Vernon Supp.2002); TEX. PEN.CODE ANN. § 49.04(b) (Vernon Supp.2002). A defendant convicted of attempted DWI would merely pay a fine of $500 or less. See TEX. PEN.CODE ANN. §§ 12.23, 15.01(d), & 49.04(c) (Vernon 1994 & Supp.2002). If convicted of attempted enhanced DWI, then a defendant might face some jail time, but, unlike a DWI defendant, an attempted DWI defendant would be eligible for deferred adjudication and for early termination of community supervision. A defendant arrested for attempted DWI, instead of DWI, would not be subject to the Implied Consent chapter of the transportation code. See TEX. TRANSP. CODE ANN. § 724.011(a) (Vernon 1999) (person arrested for DWI is deemed to have consented to the taking of a breath or blood specimen to determine alcohol concentration or the presence of a drug). Finally, even after conviction and completion of sentence and the period of license suspension, a DWI defendant would face mandatory premium surcharges for his automobile insurance that would .not be assessed against an attempted DWI defendant. See TEX. INS.CODE ANN. art. 5.03–1 (Vernon Supp.2002) (automobile insurer shall assess a premium surcharge on person convicted of DWI).

Charging or convicting a person with attempted DWI, instead of DWI, would endanger the public because a defendant charged with or convicted of attempted DWI would not face the automatic driver's license suspension as would a defendant charged with or convicted of DWI. See TEX. TRANSP. CODE ANN. §§ 521.341–.345, 724.035 (Vernon 1999 & Supp.2002). Nor would an attempted DWI defendant be required to install an ignition interlock device on his vehicles as a DWI defendant could be required to do. See TEX.CODE CRIM. PROC. ANN. arts. 17.441, 42.12, § 13(i) (Vernon Supp.2002). Also tending to endanger the public is the fact that an employer can obtain information about an employee's history of DWI when the employee's position involves a substantial amount of driving, but the employer could not obtain any information about an employee's history of attempted DWI. TEX. GOV'T CODE ANN. § 411.118(c)(3) (Vernon 1998).

These vastly different results from essentially the same conduct could not have been the intention of the legislature. We conclude, therefore, that apply-

ing the attempt statute to DWI would lead to the absurd result of vastly different consequences for essentially the same conduct. We conclude the legislature did not intend to create an offense of attempted DWI when it moved the DWI provisions from the revised civil statutes to the penal code, and we hold there is no such legally cognizable criminal offense under Texas law. We agree with appellant that the concept of attempted DWI does not fit the statutory scheme provided by the legislature for DWI, and it is not consistent with the penal code's purpose of insuring the public safety through the deterrent influence of the code's penalties and the rehabilitation of those convicted of violations of the code. TEX. PEN.CODE ANN. § 1.02(1) (Vernon 1994). We sustain appellant's third point of error; consequently, we need not address appellant's first and second points of error. *See* TEX.R.APP. P. 47.1.

Because the offense of attempted DWI is not a legally cognizable criminal offense under Texas law, the trial court lacked jurisdiction to enter judgment against appellant for attempted DWI. We vacate the trial court's judgment of conviction of attempted DWI and render judgment that appellant is acquitted of the charged offense of driving while intoxicated. *See* TEX.R.APP. P. 43.3; *Hall*, 81 S.W.3d at 931.