John KEETON, Appellant,

v.

**LEXINGTON TRUCK SALES, INC., Appellee.**

No. 2007–CA–001576–MR.

Court of Appeals of Kentucky.

July 18, 2008.

Discretionary Review Denied by Supreme Court Feb. 11, 2009.

Samuel H. Whitehead, Lexington, KY, for Appellant.

Frank T. Becker, Lexington, KY, for appellee.

Before ACREE, VANMETER, and WINE, Judges.

## OPINION

ACREE, Judge.

This is an appeal from a judgment entered against the buyer of a used commercial truck in his action against the auto dealership alleging fraud, violation of the Kentucky Consumer Protection statute, vi-

olation of the federal Magnuson–Moss Warranty Act, and violation of Kentucky Revised Statute (KRS) 186A.540. Because the Fayette Circuit Court misinterpreted KRS 186A.540, we reverse for further proceedings. With regard to the remaining issues, we find no error and affirm.

John Keeton purchased a used commercial Volvo truck with over 300,000 miles on it from Lexington Truck Sales, Inc. (LTS), on May 28, 2002. At the time, Keeton was in the commercial trucking business. Keeton later experienced some problems with the truck and its engine and sought damages against LTS.

The original complaint claimed that Keeton sought damages pursuant to a "Generation II Warranty"[1] because of problems with the truck involving its alternator and a "blown engine" and also alleged violation of the Magnuson–Moss Warranty Act. Discovery showed that the "Generation II Warranty" was in fact a warranty with National Truck Protection, Inc., but not LTS. Additional discovery demonstrated that an engine warranty was issued by Detroit Diesel, the manufacturer of the engine, but not LTS. Keeton filed an amended complaint asserting the fraud, Kentucky Consumer Protection Act, and KRS 186A.540 claims.

The trial court concluded Keeton could not establish a viable claim or cause of action against LTS based upon the statutes and theories asserted and on July 19, 2007, granted LTS summary judgment. This appeal followed.

 The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judg-

ment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996); Kentucky Rules of Civil Procedure (CR) 56.03. "The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." *Lewis v. B & R Corp.,* 56 S.W.3d 432, 436 (Ky.App.2001), *citing Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480–82 (Ky.1991). "Impossible," as set forth in the standard for summary judgment, is meant to be "used in a practical sense, not in an absolute sense." *Lewis* at 436.

The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." *Steelvest* at 480. "The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present 'at least some affirmative evidence showing that there is a genuine issue of material fact for trial.'" *Lewis* at 436, *citing Steelvest* at 482. Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo. Scifres* at 781.

Keeton first contends that the trial court committed reversible error by entering summary judgment upon his claim of fraud. We disagree.

 Keeton attempted to assert a fraud claim in his amended complaint. He broadly asserted that the "actions of inaction's [sic] of the Defendant constitute fraud, both common law and statutory."

---

1. "Generation II Warranty" appears to be the trade name for a specific service product and has no independent legal significance distinguishing it from other warranties.

In his response to LTS's summary judgment motion, Keeton made unsubstantiated claims of misrepresentations by LTS concerning the vehicle. CR 9.02 requires that all allegations of fraud must be "stated with particularity." Under our law, an allegation of fraud in a pleading must set forth the time, place, and substance of the allegedly fraudulent statements. *Scott v. Farmers State Bank*, 410 S.W.2d 717, 722 (Ky.1966). Keeton's claim does not meet that requirement. Thus, his fraud claim is not cognizable.

■ One of the misrepresentations Keeton attempted to allege in his original fraud claim involved the alleged rollback of the odometer in the Volvo truck. On appeal he raises for the first time a claim under KRS 190.270. We have long held in Kentucky that an issue not raised in the circuit court may not be presented for the first time on appeal. *Gabow v. Commonwealth*, 34 S.W.3d 63, 75 (Ky.2000), *habeas granted on other grounds, Gabow v. Deuth*, 302 F.Supp.2d 687 (W.D.Ky.2004); *Shelton v. Commonwealth*, 992 S.W.2d 849, 852 (Ky.App.1998); *Ruppee v. Commonwealth*, 821 S.W.2d 484 (Ky.1991), *overruled on other grounds* by *Lovett v. Commonwealth*, 103 S.W.3d 72 (Ky.2003); *Tamme v. Commonwealth*, 973 S.W.2d 13, 33 (Ky.1998). This issue is not properly before this Court and will not be addressed.

Keeton next contends his claims under the Kentucky Consumer Protection Act, KRS 367.120 *et seq.*, and the federal Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, should not have been dismissed because as a consumer he falls under the protection of both of these Acts. Again, we disagree.

■ Nothing in the evidence suggests Keeton purchased the vehicle for anything but commercial purposes. KRS 367.220(1) sets forth the class of individuals who may bring actions for recovery of money or property under the Consumer Protection Act. In order "[t]o maintain an action alleging a violation of the Act, however, an individual must fit within the protected class of persons defined in KRS 367.220." *Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc.*, 836 S.W.2d 907, 909 (Ky.App. 1992). Keeton did not purchase the truck for personal, family, or household purposes and thus does not fit within the protected class of persons who may file claims under the Act. *See Gooch v. E.I. DuPont de Nemours & Co.*, 40 F.Supp.2d 857, 862 (W.D.Ky.1998), *citing Aud v. Illinois Cent. R.R. Co.*, 955 F.Supp. 757, 759 (W.D.Ky. 1997).

■ Likewise, the Magnuson–Moss Warranty Act only applies to consumers and consumer products defined by the Act. 15 U.S.C. § 2304. These terms are defined in the Act at 15 U.S.C. § 2301:

(1) The term "consumer product" means any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed).

. . . .

(3) The term "consumer" means a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

Summary judgment dismissing Keeton's claim under both Acts was proper.

Finally, Keeton argues the trial court erred by ruling he could not prevail under KRS 186A.540. The statute reads:

An individual or a dealer required to be licensed pursuant to KRS Chapter 190 shall disclose all damages to a motor vehicle which result in repairs or repair estimates that exceed one thousand dollars ($1,000) and that occur while the motor vehicle is in his possession and prior to delivery to a purchaser. Disclosure shall be in writing and shall require the purchaser's signature acknowledging the disclosure of damages.

The trial court found that Keeton did not allege the truck's damage occurred while in LTS's possession and concluded the claim must fail. LTS repeats this argument, citing *Potter v. Bruce Walters Ford Sales, Inc.*, 37 S.W.3d 210 (Ky.App. 2000) for the proposition that failure to allege the damage occurred while in the possession of the dealer is fatal to a claim under the statute.

Reliance upon *Potter* is misplaced. Our examination reveals that this proposition in *Potter* is *dicta* only. True, this Court stated "that the statute does not provide a basis for the claim [under KRS 186A.540], since appellant made no allegation that the motor vehicle was damaged while in Walters' possession." *Potter* at 212. However, immediately previous to that statement we noted that "the issue is not properly before us[.]" *Id.*

■ More importantly, we believe this interpretation is not in keeping with legislative intent. "In cases involving statutory interpretations, the duty of the court is to ascertain and give effect to the intent of the General Assembly." *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky.2000). A more direct, relevant—and in our opinion correct—interpretation of the statute is found in the only other state or federal case to address KRS 186A.540, *Smith v. General Motors Corp.*, 979 S.W.2d 127, 130 (Ky.App.1998). We adopt the language contained therein, with slight modification, as it is specifically applicable here.

We are ... persuaded by [Keeton]'s argument that *KRS 186A.540 imposed an affirmative duty upon [LTS] to disclose repairs exceeding [$1,000]*. That statute is found in the "Damaged Motor Vehicles" Act (KRS 186A.500–550)....

We believe said statute should be broadly interpreted [and] view such broad interpretation as mandated by the legislative purpose of the "Damaged Motor Vehicles" Act:

186A.500. Legislative finding.

The General Assembly finds that purchasers when buying vehicles are entitled *to know if the vehicle has sustained prior severe damage* ....
(Emphasis added.)

As the [truck]'s cumulative repair work exceeded [$1,000], we think KRS 186A.540 imposed a duty upon [LTS] to *disclose the repairs.*

*Smith v. General Motors Corp.*, 979 S.W.2d 127, 130 (Ky.App.1998)(additional emphasis supplied). LTS's attempt to distinguish *Smith* as dealing with a new vehicle is unpersuasive. The statute makes no such distinction.

If we interpreted KRS 186A.540 as LTS urges, we would be undermining the purpose of the statute. When a dealer expends more than $1,000 repairing a damaged vehicle, common sense tells us two things. First, the vehicle in question was once a damaged vehicle. Second, intentionally or not, effective repairs will hide from the average purchaser the fact that the vehicle was ever damaged. If we do not interpret the statute as requiring the

disclosure of repairs, regardless of when or where the damages occurred, we will enable unscrupulous dealers to keep the secret that the dealer is selling a damaged vehicle.

Because Keeton is clearly a person within the class intended to be protected by KRS 186A.540, he is entitled to assert a right of action for negligence against LTS. KRS 446.070. KRS 446.070 converts the standard of care required by the violated statute into a statutory standard of care for the negligence claim, the violation of which is negligence per se. *Hargis v. Baize,* 168 S.W.3d 36, 45 (Ky.2005). Whether Keeton can establish that LTSs violation of KRS 186A.540 resulted in damages in this particular case is a question left to the fact-finder.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

ALL CONCUR.