NO. 07-09-00022-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 18, 2010



 



 

CARLOS MOLINA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 3
OF TRAVIS COUNTY;

 

NO. C-1-CR-07-218743; HONORABLE DAVID CRAIN, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Carlos Molina, appeals his
conviction for the offense of driving while intoxicated.  We affirm.

Background

            On
September 14, 2007, Austin police officers were called out to investigate a
suspicious vehicle in a cul-de-sac.  When
the police officers arrived, they observed appellant asleep behind the wheel of
the vehicle.  The keys were in the
vehicle’s ignition and the car and radio were both on.  Appellant was also in a position in the
vehicle that he was able to reach the brake pedal.[1]  The police officers proceeded to wake up
appellant and, after conducting field sobriety tests, arrested him for driving
while intoxicated.

            At
trial, the issue of contention was the definition of “operating.”   Both sides agreed that appellant was not
observed driving the vehicle, but they disagreed on whether the evidence was
sufficient to demonstrate that appellant “operated” the vehicle.  After listening to appellant’s request for a
directed verdict, the trial court submitted the issue to the jury who proceeded
to find appellant guilty of the offense. 
Appellant appeals the sufficiency of the evidence.  

Legal Sufficiency

When an
appellant challenges both the legal and factual sufficiency of the evidence, we
are required to conduct an analysis of the legal sufficiency of the evidence
first and, then, only if we find the evidence to be legally sufficient, do we
analyze the factual sufficiency of the evidence.  See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996).  We review legal sufficiency by viewing the evidence in
the light most favorable to the verdict to determine if any rational fact
finder could have found the essential elements of the crime beyond a reasonable
doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).  The conviction will be sustained unless it is
irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim.App. 1988).  The fact finder is the sole judge of the
credibility of the witnesses and of the weight to be afforded their
testimony.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex.Crim.App.
1994).  Reconciliation of conflicts
and contradictions in the evidence is within the fact finder’s province and is
usually conclusive.  See
Van Zandt v. State, 932 S.W.2d 88, 96 (Tex.App.–El
Paso 1996, pet. ref’d).

To establish
the offense of driving while intoxicated, the State must prove the defendant
was intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003).  The
statute does not, however, define the term “operate.”  See Barton v. State, 882 S.W.2d 456, 459 (Tex.App.–Dallas
1994, no pet.).  Operation of a motor
vehicle is found when the totality of the circumstances demonstrates that the
defendant took action to affect the functioning of his vehicle in a manner that
would enable the vehicle’s use.  See
Denton v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995). 

Reviewing
the evidence in the light most favorable to the verdict, we conclude that the
jury could have determine that the running vehicle, the flickering brake
lights, and the activated radio were indications that appellant had taken
actions that affected the functioning of the vehicle and, thus, was operating
the vehicle prior to falling asleep. 
Therefore, we conclude that the jury could have rationally found the
essential elements of the crime beyond a reasonable doubt.  We overrule appellant’s first issue.  

Factual
Sufficiency

            When an appellant challenges the factual sufficiency of
the evidence supporting his conviction, the reviewing court must determine
whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding the appellant guilty beyond a reasonable
doubt.  See Watson v. State,
204 S.W.3d 404, 415 (Tex.Crim.App.
2006).  Circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor and circumstantial
evidence alone can be sufficient to establish guilt.  Hooper v. State, 214
S.W.3d 9, 13 (Tex.Crim.App. 2007).  In performing a factual sufficiency review,
we must give deference to the fact finder’s determinations if supported by
evidence and may not order a new trial simply because we may disagree with the
verdict.  See Watson, 204 S.W.3d at 417.  As
an appellate court, we are not justified in ordering a new trial unless there
is some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jury’s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).

In this
case, appellant argues that the State must show that appellant operated a motor
vehicle by demonstrating that he took action to affect the functioning of his
vehicle in a manner that would enable the
vehicle’s use.  See Denton,
911 S.W.2d at 39.   Appellant contends that this means that the
court should have looked at whether appellant “exerted personal effort upon his
vehicle . . . for its intended purpose.” 
See Id. at 389. 
Appellant contends that there is no evidence that appellant exerted any
effort to operate the vehicle for its intended purpose, i.e., for
transportation.  At most, appellant
contends that appellant was in the car listening to the radio.  Although we may agree with appellant that
turning on the radio does not further the operation of the vehicle for its
intended purpose, we do not agree with appellant’s statement that turning the
ignition key and running the motor did not facilitate the operation of the
vehicle beyond mere preparation.   A
vehicle’s intended purpose is to provide transportation by mechanical means
which entails the ignition of the vehicle’s combustible engine.  There simply is no middle ground in what
constitutes the commission of an operating a vehicle while intoxicated offense.  Any action would either not be more that mere
preparation or it would fall within the broad definition of “operating a motor
vehicle.”   Strong
v. State, 87 S.W.3d 206, 215 (Tex.App.—Dallas
2002, pet. ref’d).   Therefore, since any person intending to
drive would first have to turn the key to start the car, we conclude that the
fact that the key was turned and the engine was running could be interpreted by
the jury as operating the vehicle.  Though no one observed appellant start the vehicle, the fact that
appellant was the only person in the vehicle, in the driver’s seat, and able to
operate the brake lights is circumstantial evidence that the jury could have
used in determining the guilt of appellant.  See Hooper, 214 S.W.3d at 14 (juries
are permitted to make reasonable inferences from the evidence).  Giving deference to the jury’s determinations
if supported by the evidence, we may not order a new trial even were we to
disagree with the verdict.  See Watson,
204 S.W.3d at 417. 
We conclude that there is no objective basis in the record demonstrating
that the great weight and preponderance of the evidence contradicts the jury’s
verdict.  See id.  We overrule appellant’s second issue.

Conclusion

            Having overruled
appellant’s issues, we affirm.

 

                                                                                    Mackey
K. Hancock

Justice

Do not publish.  











[1] A video was admitted
during the trial that showed the vehicle’s brake lights flickering on or off
during the investigation of this case.