**Opinion filed June 30, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00279-CR

_____

## JOSEPH CHESTER POLLEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35861**

### M E M O R A N D U M   O P I N I O N

Joseph Chester Polley entered a plea of guilty to the offense of felony driving while intoxicated and a plea of true to an enhancement allegation. The trial court assessed punishment at confinement for eight years. We affirm.

In his sole issue on appeal, appellant contends that the trial court erred in finding that a Kansas conviction for driving under the influence could be used as a prior conviction to enhance this offense to a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2), (c)(1)(F) (Vernon 2011). In Texas, a person commits the offense of DWI if he "is intoxicated while

operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04 (Vernon 2011). Section 49.09(b)(2) provides that the offense of DWI is a third-degree felony if it is shown that the person has two prior convictions[1] "relating to the operating of a motor vehicle while intoxicated." Section 49.09(c)(1)(F) provides that an out-of-state conviction is an offense relating to the operating of a motor vehicle while intoxicated if it is for "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated."

Appellant filed a motion to quash the indictment, contending that the use of an out-of-state conviction did not meet the requirements of Section 49.09(c)(1)(F) because Kansas law permits conviction on grounds other than the operation of a motor vehicle. During a pretrial hearing on the motion to quash, the trial court ruled that the Kansas conviction could be used as a jurisdictional enhancement in the indictment. The sufficiency of an indictment presents a question of law; therefore, we must review the trial court's ruling on the motion to quash under a de novo standard of review. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010).

The record shows that a 1999 Kansas conviction for driving under the influence was used as one of the two jurisdictional enhancements in the indictment. The Kansas law under which appellant was convicted provided: "No person shall operate or attempt to operate any vehicle within this state" while the alcohol concentration in the person's blood or breath is .08 or more or while the person is under the influence of alcohol or drugs or a combination thereof to a degree that renders the person incapable of safely driving. KAN. STAT. ANN. § 8-1567 (1994). Appellant's argument centers on Kansas's inclusion of the words "attempt to operate." Appellant asserts that Texas's use of the words "operating" and "the operation of" do not encompass an "attempt" to operate. We disagree.

Under the Kansas statute, "operate" means "drive." *State v. Kendall*, 58 P.3d 660, 664 (Kan. 2002). In Texas, the term "operate" is not defined in the DWI statutes, but it has been construed broadly to effectively include attempted DWI. *Strong v. State*, 87 S.W.3d 206, 215-16 (Tex. App.—Dallas 2002, pet. ref'd). In *Dornbusch v. State*, 262 S.W.3d 432 (Tex. App.—Fort Worth 2008, no pet.), and *Barton v. State*, 882 S.W.2d 456 (Tex. App.—Dallas 1994, no pet.), both courts upheld a DWI conviction where the defendant was not driving the vehicle but was found asleep or passed out in the driver's seat with the engine running and, thus, had taken

---

[1]In addition to the Kansas conviction, the indictment alleged that appellant had previously been convicted in Texas of DWI.

action to affect the functioning of the vehicle in a manner that would enable the vehicle's use. The Texas Court of Criminal Appeals, relying on the definition in *Barton*, held that "operation does not necessarily involve driving" and that the term "operate" means "[to take] action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 389-90 (Tex. Crim. App. 1995).

Even though the language used in the Kansas statute under which appellant was convicted differs from the language of the Texas DWI statutes, the statutes in both states prohibit the operation (using the Texas definition) of a motor vehicle while intoxicated. Therefore, the trial court did not err in allowing appellant's Kansas conviction to be included in the indictment pursuant to Section 49.09(c)(1)(F) as one of two prior convictions used to increase the current offense to a felony. We overrule appellant's issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


June 30, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.