Cortis JENKINS and Edwina Jenkins, his Wife; Ollie Jenkins; Clyde Jenkins and Irene Jenkins, his Wife; Bonnie Cantrell and Alec Cantrell, her Husband; Roy Jenkins and Seconda Jenkins, his Wife; and Linda Silvey and her Unknown Spouse (Now identified as James Silvey, her Husband), Appellants,

v.

Billy JENKINS and Joannie Jenkins, His Wife; Dixie Daniel and Gary Daniel, Her Husband; Peggy Williams; Kenny Colvin and Malinda Colvin, His Wife; and Dennis Jenkins and Barbara Jenkins, His Wife, Appellees.

No. 2009–CA–000378–MR.

Court of Appeals of Kentucky.

Nov. 5, 2010.

Robert W. Miller, Grayson, KY, for appellants.

Gordon B. Long, Salyersville, KY, for appellee.

Before TAYLOR, Chief Judge;
MOORE and THOMPSON, Judges.

THOMPSON, Judge:

Cortis Jenkins, et al. (appellants), appeal the judgment of the Morgan Circuit Court finding that they authorized their counsel to enter into a settlement to dismiss their counterclaim. For the reasons stated, we affirm in part, reverse in part, and remand this matter for further proceedings.

On January 12, 2004, Billy Jenkins, et al. (appellees), filed a partition action to sell real property and divide the proceeds among the owners. The appellants and appellees, who are siblings, jointly own the property. Prior to the filing of the petition, Joe Jenkins, the parties' father, conveyed his seventy-five percent ownership interest in the property to Appellee Dixie Daniel. At this point, appellants hired Jeffery N. Lovely and Toyray Adams to

represent them. Seeking to set aside the deed, appellants filed a counterclaim alleging that their father's conveyance was induced by fraud, duress, coercion, and/or undue influence.

Following the completion of discovery, a trial date was scheduled for June 1, 2006. However, on or about May 31, 2006, appellants and appellees allegedly agreed to dismiss the counterclaim and to proceed with the partition. On June 30, 2006, an agreed judgment reflecting this understanding was entered. The judgment was signed by Lovely and Adams and a handwritten note next to Lovely's signature provided the following:

> I signed this even though I have withdrawn because I was present at a meeting with our clients whereby it was agreed that the counterclaim would be dismissed.

Appellants then filed a motion to alter, amend, or vacate the agreed judgment and to set a trial date regarding the validity of the deed conveyance. The trial court denied the motion and appellants appealed to this Court in case number 2007–CA–000739–MR. On appeal, a panel of this Court concluded that the trial court erred by enforcing the agreement without first holding an evidentiary hearing to determine the validity of the settlement and the authorization of counsel.

On remand, an evidentiary hearing was conducted where Lovely testified that he and Adams met with Cortis and Ollie Jenkins and informed them that they were very unlikely to succeed in challenging the deed conveyance. He testified that he advised them to settle the case instead of wasting thousands of dollars proceeding to trial. Lovely further testified that Cortis and Ollie Jenkins then authorized their counsel to settle the case by dismissing the counterclaim. Lovely testified that he then called appellees' counsel and entered the settlement. Both counsel then withdrew from the action before signing the agreed judgment.

Cortis Jenkins testified that he did not authorize his counsel to agree to the dismissal of the appellants' counterclaim. He testified that counsel simply "dropped" appellants' case the day before trial; that he did not ask why his case went from strong to very weak; and that counsel did not explain why the case had weakened. He further testified that he sent his two counsel letters several days after their meeting stating, in its entirety, the following:

> Please do not sign any papers in the case of Billy Jenkins v. Cortis Jenkins. We are going to pursue our counterclaim with a new attorney.

When asked why he would instruct counsel who allegedly "dropped" his case not to sign a document on appellants' behalf unless he had already authorized them to enter a settlement, Cortis testified, "I didn't won't [sic] them signing nothing after I fired them." Later, he testified that he sent the letters just to get his case file.

After the hearing, the trial court found that Appellants Cortis and Ollie Jenkins met with their counsel, Adams and Lovely, the day before the trial. The trial court further found that appellants and Lovely discussed the deposition of Tina Joseph, the secretary of the attorney who prepared the deed; and that Lovely informed them that her testimony made it unlikely to successfully challenge the validity of the deed. The trial court further found that appellants granted their counsel the authority to enter into the settlement. This appeal follows.

■ Appellants contend that the trial court erred when it found that they consented to the settlement of the partition action. They contend that they never gave consent to their counsel to agree to dismiss

their counterclaim. Rather, they contend that their counsel informed them that counsel was "dropping their case," which deprived counsel of the authority to bind them to the agreed judgment.

We first observe that a trial court's factual findings made in the absence of a jury will not be set aside unless they are clearly erroneous. *Sebastian–Voor Properties, LLC v. Lexington–Fayette Urban County Government*, 265 S.W.3d 190, 195 (Ky.2008). Factual findings are not clearly erroneous if they are supported by substantial evidence which constitutes evidence having the fitness to induce a belief in the minds of reasonable men. *Rivers v. Howell*, 276 S.W.3d 279, 281 (Ky.App.2008). After reviewing the factual findings, we review the application of law *de novo*. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1998).

Although appellants state that they did not authorize their counsel to enter a settlement agreement, Lovely testified unequivocally that Cortis and Ollie Jenkins authorized him to settle the case by dismissing the counterclaim. As a reviewing court, we observe that the trial court, as the finder of fact, had the authority to believe the facts presented by one party over the facts presented by the other. *Bissell v. Baumgardner*, 236 S.W.3d 24, 29–30 (Ky.App.2007). In its findings of fact, the trial court found appellants' version of the facts not to be credible. While appellants disagree, the evidence in the record prevents this Court from concluding that the trial courts findings were clearly erroneous.

Appellants next contend that their counsel did not have authority to bind them to a settlement because they did not get the consent of all appellants. Specifically, they contend that the appellees' version of the facts have Appellants Cortis and Ollie Jenkins authorizing the settlement agreement rather than all of the individual appellants in the action. Citing *Clark v. Burden*, 917 S.W.2d 574 (Ky. 1996), appellants contend that their counsel did not have the authority to enter into a settlement unless each individual party expressly consented to the settlement.

When determining whether to settle a claim, our courts acknowledge that the final decision-making authority rests with the client, not the attorney. *Clark*, 917 S.W.2d at 575. Generally, an attorney, without his clients' express authority, has no authority to bind his client to a settlement or compromise. *Id.* at 576. Additionally, Kentucky Rules of Professional Conduct provide that "[a] lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, ... unless each client gives informed consent ...." SCR 3.130–1.8(g).

Under Comment 13 to SCR 3.130–1.8 (2009), the differences in willingness to settle a case are among the risks of common representation of multiple clients by a lawyer. Therefore, Comment 13 provides that, "before any settlement offer or plea bargain is made or accepted on behalf of multiple clients, the lawyer must inform each of them about all the material terms of the settlement, including what the other clients will receive or pay if the settlement or plea offer is accepted." Thus, each client has the final say regarding accepting a settlement. *Id.*

Applying these principles, we conclude that the record is devoid of evidence to support a conclusion that all of the appellants agreed to the settlement. While the record supports the finding that Cortis and Ollie Jenkins authorized their counsel to settle, there was no evidence that counsel's other clients gave their informed consent to counsel to agree to the settlement.

Thus, while counsel were authorized to settle for Cortis and Ollie Jenkins, counsel were not authorized to enter into a settlement on behalf of the remaining appellants because they did not give their individual informed consent.

■ Having concluded that counsel only had the authority to settle for Cortis and Ollie Jenkins, not the remainder of the appellants, a court can still enforce a settlement if "appellees were substantially and adversely affected by their reliance upon the purported settlement." *Clark*, 917 S.W.2d at 577. If the trial court were to find that appellees suffered substantial harm due to their reliance on the settlement, enforcement of the settlement would be appropriate against the remaining appellants. *Id.* Because the trial court found that counsel had actual authority to settle for all, it made no factual findings regarding detrimental reliance. Thus, we regrettably must remand this case for factual findings regarding detrimental reliance. *University of Louisville v. Shake*, 5 S.W.3d 107, 109 (Ky.1999) (reviewing courts are not in the business of making findings of fact).

Appellants next contend that the trial court failed to consider appellees' own negligence in determining whether appellants' counsel had express authority to enter the settlement. Citing *Ford v. Beasley*, 148 S.W.3d 808 (Ky.App.2004), they contend that appellees' counsel were required to investigate the last-minute dismissal of the counterclaim to ensure that appellants gave their informed consent to the parties' settlement. Because appellees did not investigate, appellants contend that any prejudice that they might incur from not enforcing the settlement was the result of their own fault. Thus, appellants contend that we should find that no detrimental harm will result from not enforcing the settlement.

■ As previously stated, appellate courts are courts of law and not courts of fact. We cannot judge the credibility and strength of witnesses because trial courts have this responsibility. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky.2008). Moreover, appellants have not cited to the record where they argued this issue to the trial court and preserved it for appellate review. An "issue not raised in the circuit court may not be presented for the first time on appeal." *Keeton v. Lexington Truck Sales, Inc.*, 275 S.W.3d 723, 726 (Ky.App.2008). Accordingly, we will not address this matter.

For the foregoing reasons, the judgment of the Morgan Circuit Court enforcing the partition settlement against Cortis and Ollie Jenkins is affirmed, but its judgment enforcing this settlement against the remaining appellants is reversed and remanded for further proceedings consistent with this opinion.

ALL CONCUR.