RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0409-MR

TROY GARDNER                                              APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.           HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 23-CI-01573

DETECTIVE JASON WALLACE AND                    APPELLEES
MIRCEA ENCIU[1]

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Troy Gardner, *pro se*, appeals an order of the Fayette Circuit

Court which dismissed his claims against Detective Jason Wallace of the

Lexington Police Department.  After careful review, we affirm.

---

[1] Based on the record before us, Mircea Enciu was never served with the initial or amended complaints filed by Gardner, and never appeared before the circuit court.  He appears in the case caption only to maintain consistency with the Notice of Appeal.

**Factual and Procedural Background**

Based on a criminal complaint from the Fayette District Court contained in the record before us, Mircea Enciu purchased a cellular telephone for $640.00 from Gardner through Facebook Marketplace in August 2021. However, after Enciu returned home with the telephone and attempted to set it up, he discovered it was not working properly. Enciu called his cellular service provider and, upon providing the serial number of the telephone, was told by the service provider that the telephone had been reported stolen from Spectrum. Enciu called the police and Detective Jason Wallace was dispatched to take a report. Enciu showed Detective Wallace Facebook photographs of Gardner and confirmed he was the individual who sold him the telephone. Detective Wallace further confirmed Gardner's identity by reviewing his Kentucky identification. A district court judge issued an arrest warrant for Gardner based on the complaint filed by Detective Wallace. Gardner was arrested and charged with theft by deception, less than $1000.00 (a misdemeanor). For reasons that are not revealed by the record before us, the charges were dismissed without prejudice on March 18, 2022.

On July 5, 2023, Gardner, acting *pro se*, filed the underlying complaint in Fayette Circuit Court naming Enciu and Detective Wallace as defendants. Gardner presented two claims of malicious prosecution as well as a claim for trade libel. It does not appear from the record before us that either

defendant was served with the initial complaint. On January 25, 2024, Gardner filed an amended complaint against Enciu and Detective Wallace. Gardner alleged malicious prosecution, false imprisonment, defamation, abuse of process, and intentional infliction of extreme emotional distress (IIED). The certified mail receipt returned to the circuit clerk showed that it was signed by a "K. Brewer" rather than Detective Wallace.

Detective Wallace filed a motion to dismiss on February 9, 2024, arguing insufficient service of process and failure to state a claim upon which relief can be granted pursuant to Kentucky Rule of Civil Procedure (CR) 12.02(e) and (f). Detective Wallace argued that the complaint was filed outside the one-year statute of limitations for all claims. On February 16, 2024, Gardner filed a motion to amend his complaint to include only fraud and outrage – both of which have a five-year statute of limitations – and dismiss all other claims. The circuit court held a hearing on March 22, 2024. Although the court allowed Gardner to file his amended complaint, it dismissed the claim of outrage, reasoning that it was the same claim as IIED and also filed outside the statute of limitations. The claim for fraud was dismissed for failure to state a claim upon which relief could be granted. The circuit court found the fraud claim was aimed at Enciu, not Detective

Wallace.[2] Gardner filed a motion to vacate the judgment which was denied. This appeal followed.

## Standard of Review

The standard of review of a ruling on a motion for judgment on the pleadings is well established:

> "[CR] 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings." *City of Pioneer Village v. Bullitt Cty.*, 104 S.W.3d 757, 759 (Ky. 2003). A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Id.* "[T]he circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002) . . . . We review a judgment on the pleadings *de novo.* [*Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 177 (Ky. 2012).]

*Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

## Analysis

On appeal, Gardner's arguments are very brief and undeveloped. He first contends that that the circuit court should have allowed his claim of outrage to move forward because it was not a new claim and related back to the general factual situation that was the basis of the original controversy. We disagree.

---

[2] In its order, the circuit court incorporated its oral findings made at the hearing by reference. The hearing was very brief and the findings were readily apparent to this Court upon review of the record. *See Smith v. McCoy*, 635 S.W.3d 811, 817 (Ky. 2021).

We begin by noting that, at the hearing, Gardner agreed the claims in his initial and first amended complaint, including IIED, were void due to the various statutes of limitations. However, Gardner's attempt to rebrand IIED as outrage in his second amended complaint must also fail. The torts of IIED and outrage are the same. *Burgess v. Taylor*, 44 S.W.3d 806, 811 (Ky. App. 2001). Further, "the tort of intentional infliction of emotional distress is a gap filler tort, and that if an action can lie in a traditional tort, the tort of outrage will not lie." *Childers v. Geile*, 367 S.W.3d 576, 581 (Ky. 2012) (internal quotation marks and citation omitted). Finally,

> there can be only one recovery on a given set of facts. And while there is a much longer statute of limitations than for traditional torts, as *Rigazio* [*v. Archdiocese of Louisville*, 853 S.W.2d 295 (Ky. App. 1993),] demonstrates, **a complaint cannot be saved from limitations by pleading intentional infliction of emotional distress to reach the longer statute when the facts support a claim for a more traditional personal injury tort** with mental pain and suffering as part of the damages rather than severe emotional distress caused by outrageous conduct. There can be only one recovery for emotional distress on the same acts. It will either be caused as a result of an injury done to the plaintiff physically or it will be caused by outrageous conduct the purpose of which is to inflict emotional distress.

*Childers*, 367 S.W.3d at 582-83 (emphasis added).

In other words, Gardner cannot save his complaint from dismissal through multiple attempts at stating claims with a longer statute of limitations under the same set of facts.

Turning to Gardner's fraud claim, we agree with the circuit court that he failed to state a claim upon which relief could be granted. Gardner's claim for fraud in his second amended complaint reads

> 1. . . . the general factual situation which is the basis of the original controversy . . . [*Roach v. Commonwealth*, 384 S.W.3d 131, 134 (Ky. 2012)] is [Detective] Wallace used Mircea Enciu's " . . . false statements . . ." (see civil complaint filed July 5, 2023 [counts 1-3]) as probable cause to obtain the arrest warrant against plaintiff.

Pursuant to CR 9.02, "the circumstances constituting fraud or mistake shall be stated with particularity." A claim for fraud must demonstrate by clear and convincing evidence "a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citation omitted). Further, a litigant need not plead every element of fraud, but "an allegation of fraud in a pleading must set forth the time, place, and substance of the allegedly fraudulent statements." *Keeton v. Lexington Truck Sales, Inc.*, 275 S.W.3d 723, 726 (Ky. App. 2008) (citation omitted). We agree with the circuit court that Gardner's complaint failed to meet this standard with regard to Detective Wallace.

**Conclusion**

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Troy Gardner, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE
DETECTIVE JASON WALLACE:

J. Jason Rothrock
Lexington, Kentucky