*197-15*

ORIGINAL

PD-0197-15

IN THE COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

JESSICA NICOLE NANCE, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

APPEAL IN CAUSE NUMBER

CR1101695

IN THE COUNTY COURT AT LAW NO.1 OF

HUNT COUNTY, TEXAS

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICES OF THE CRIMINAL COURT OF APPEALS

COMES NOW, the Appellant and submits this Pro Se Petition for Discretionary Review pursuant to the provisions of the Texas Rules of Appellate Procedure in support of her request for the judgment of Conviction to be overturned in cause CR 1101695.

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 08 2015

Abel Acosta, Clerk

## TABLE OF CONTENTS

TABLE OF CONTENTS

INDEX OF AUTHORITIES

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF THE CASE

STATEMENT OF PROCEDURAL HISTORY

QUESTIONS PRESENTED FOR REVIEW

REASONS FOR GRANTING REVIEW

ARGUMENT IN SUPPORT OF REASONS FOR GRANTING REVIEW

1.  The holding of a panel of the Court of Appeals opinion that the evidence is sufficient to show Appellant drove at the time she was intoxicated is erroneous, incomplete, and warrants review.

PRAYER FOR RELIEF

CERTIFICATE OF SERVICE

APPENDIX

INDEX

## INDEX OF AUTHORITIES

**Cases:**

Ballard v. State, 757 S.W. 2d 389,390 (Tex. App.-Houston} 1st Dist.

Clayton v. State, 235 S.W. 3d 722, 778 (Tex. Crim. App. 2007)

Denton v. State, 911 S.W. 2d 388, 389 (Tex. Crim. App. 1995)

Dornbush v. State, 262 S.W. 3d 432, 436 (Tex. Crim. App.-Ft.Worth 2008 no pet)

Duran v. State 352 S.W. 2d 739 (Tex.Crim. App. 1962).

Hearne v. State, 80 S.W. 3d 677, 679 (Tex. App. Houston {1st District} 2002, no pet)

Isassi v. State, 330 S.W. 3d 633, 638 (Tex.Crim. App. 2010)

Jackson v. Virginia, 443 U.S. 307 (1979)

Johnson v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975)

Kennedy v. State, 797 S.W. 2d 695, 697 (Tex. App. –Houston {1st Dist.} 1990, no pet.)

Kirsch v. State, 357 S.W. 3d 645, 650(Tex. Crim. App. 2012)

Kuciemba v. State, 310 S.W. 3d 460, 462 (Tex.Crim. App. 2010)

Malik v. State, 953 S.W. 2d 234, 240 (Tex. Crim. App. 1997)

McCafferty v. State, 748 S.W. 2d 489 (Tex. App.-Houston {1st Dist. } 1988 no pet)

Pfeiffer v. State, 363 S.W. 3d 594 (Tex.Crim. App. 2012)

Reynolds v. State, 744 S.W. 2d 156 (Tex. App.-Amarillo 1987, pet. ref'd)

Strong v. State, 87 S.W.3d 206, 215 (Tex. App.-Dallas 2002, pet. ref'd)

Stoutner v. State, 36 S.W. 3d 716, 721 9Tex. App.-Houston {1st Dist.} 2001, pet. ref'd

Villarreal v. State, 286 S.W. 3d 321, 327 (Tex. Crim. App. 2009).

## Codes

Penal Code 49.04

All references to Texas Statutes, rules, etc are to the latest edition published by West Publishing Company unless otherwise indicated.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

### STATEMENT REGARDING ORAL ARGUMENT

Oral argument is only requested if the State requests to have one.

### STATEMENT OF THE CASE:

1. This is a Class A Misdemeanor DWI case in which upon appeal both parties timely filed briefs in this matter and a majority of the Court of Appeals panel affirmed the trial court's (non-jury) conviction by judgment and opinion rendered October 13th, 2013, holding to a single premise that "

2. On November 10th, 2014 the rule 79.6 extension motions was granted by the Appeals Court giving the appellant 30 days of said order (i.e. on or before April 6th, 2015) to file her motion for rehearing; accordingly, said motion was timely filed on October 9, 2015.

3. On February 8th, 2015 the Court of Appeals denied Appellant's Motion for Rehearing.

4. Appellant did not file a subsequent Motion for Rehearing.

5. Appellant timely filed a rule 4.5 Motion for additional time that was granted by this court giving appellant until April 6th,2015 to file this petition for discretionary review.

6. Accordingly this petition for discretionary review is timely filed.

### STATEMENT OF PROCEDURAL HISTORY

A panel of the Sixth Court of Appeals affirmed the judgment of the trial court in a decision rendered October 31st, 2012. Appellant's motion for rehearing that was timely filed was denied on October 20th, 2011. Appellant did not file a motion got another rehearing. Appellant now files her petition for discretionary review pursuant to the Rule 68 of the Texas Rules of Appellate Procedure.

## QUESTIONS PRESENTED FOR REVIEW

1. Is there enough sufficient evidence that the appellant operated a motor vehicle in a public place while she was intoxicated.

2. Whether the Court of Appeals erred in ignoring or misinterpreting the requirements set forth in Kuciemba; that requires a "combination" of circumstantial evidence basically to disjunctively prove any post-driving consumption theories impossible when the states only witness testifies he doesn't even know if the drinking was before or after the driving.

## ARGUMENT IN SUPPORT OF REASONS FOR GRANTING REVIEW SUMMARY:

No direct or circumstantial evidence appears of record enabling a reasonable fact finder to infer that Appellant operated her vehicle while intoxicated.

## STANDARD OF REVIEW

A sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim is made under the standard of review set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Brooks. V State, 323 S.W. 3d 893, 912, (Tex.Crim. App. 2010); Polk v. State, 337 S.W. 3d 286, 288-89 (Tex. App.-Eastland 2010, pet. ref'd). Under the Jackson standard, all of the evidence is viewed in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Issai v. State, 330 S.W. 3d 633, 638 (Tex. Crim. App. 2010). When the record supports conflicting inferences, it is presumed that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. Jackson, 443 U.S. at 326; Clayton, 235 S.W. 3d at 778.

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge but as in the instant case a charge to the Judge. Villarreal v. State, 286 S.W. 3d 321, 327 9Tex. Crim. App. 2009); Malik v. State, 953 S.W. 2d 234, 240 (Tex. Crim. App. 1997). Under a hypothetically correct charge, Appellant committed the offense of driving while intoxicated if she (1) was intoxicated (2) while operating a motor vehicle (3) in a public place. PENAL CODE 49.04 (a).

In Appellants case when Officer_____ arrived to the scene she was outside of the vehicle walking around inspecting the car for damage that the driver of the 18 wheeler had caused from hitting her from behind. RR . Vo ( R . PQ 32-37

## OPERATING

The Texas Penal Code does not define "operating" for the purposes of the DWI statue. Denton v. State, 911 S.W. 2d 388, 389 (Tex.Crim. App. 1995); Smith v. State, 401 S.W. 3d 915, 91920 (Tex.App.-Texarkana 2013, pet. ref'd). However, the Texas Court of Criminal Appeals has concluded that a person operates a vehicle when the totality of the circumstances demonstrates that the person "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." Denton, 911 S.W. 2d at 390; see also Dornbush v. State, 262 S.W. 3d 432, 436 (Tex.App.-Ft. Worth 2008, no pet.); Under this standard, "operating a motor vehicle is interpreted very broadly. Dornbusch, 262 S.W. 3d at 436; Strong v. State, 87 S.W. 3d 206, 215 (Tex. App.-App-Dallas 2002, pet. ref'd), abrogated on other grounds by Pfeiffer v. State, 363 S.W. 3d 594 (Tex.Crim.App. 2012). "While driving does involve operation,

operation does not necessarily involve driving." Denton, 911 S.W. 2d at 389. "Because operating a motor vehicle is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an "action to affect the functioning of (a) vehicle in a manner that would enable the vehicle's use." Strong, 87 S.W.3d at 216 (quoting Barton, 882 S.W. 2d 456, 459 (Tex. App. Dallas 1994 no. pet.); see also Smith, 401 S.W. 3d at 919-20; Dornbusch, 262 S.W. 3d at 436. The action need not be successful in causing the vehicle to function for the person to be operating it. Strong 87 S.W. 3d at 215.

## ANALYSIS

The evidence in this case indicated that Appellant was not 'operating" the motor vehicle at the time she was arrested. Thus the Judge would have to infer that Nance operated the car at some unknown point in time. That is insufficient.

However, even if the assumption that she "operated" the motor vehicle at some point prior is considered adequate, no evidence was presented as to when that "operation" occurred and if while doing so she was "intoxicated." Therefore, the evidence is insufficient for a conviction because no temporal nexus was established between the unknown time of operation and intoxication and the time of her discovery at the scene of the accident.

### Operation

Nance's argument under this point, to put it simply, is that under the definition given by the Court in Kirsch, 357 S.W. 3d 645, 650 (Tex. Crim. App. 2012) she did not "operate" the car under any meaning acceptable in common parlance.

Here at the time of the arrival by the first officer Nance was observed standing outside of the vehicle. That was the only "operation" if we can call it that of the vehicle. Nance was not seen to have affecting the functioning of the vehicle in anyway.

Using the test set out in Kirsch, first, no evidence was introduced that under common parlance the facts of this case constitute "operation". While the Appellant understands this may be an argument the State wishes to promulgate, no evidence was presented at trial regarding how the word operate is defined by common usage or parlance.

Second, even if this Court finds evidence was presented concerning the word "operate" and its meaning in common parlance; to hold being inside a running vehicle constitutes sufficient evidence of "operation" is outside any acceptable common usage or parlance for that element. To allow a verdict to

be based on such an interpretation is far outside any rational interpretation that could be found for the word "operate".

It is instructive to look at how the word "operate" is defined in leading dictionaries. The Merriam –Webster dictionary defines "operate" as performing a function. Available at www.merrian-webster.com/dictionary/operate. Black law dictionary defines "operate" as the exertion of power the process of operating a mode of action. www.thelawdictionary.org/operation. The American Heritage Dictionary and Collins English Dictionary define "operate" as controlling the function of. www.thefreedictionary.com/operate. And the Random House Kernerman Webster's College Dictionary defines "operate" as to exert force or influence or to manage to use.

Each of these definitions has an action as part of the definition. When looking at how "operate" is used and placed in the DWI statue, an action is exactly what common parlance dictates. "A person commits an offense if the person is intoxicated "while operating' a motor vehicle in a public place. Penal Code 49.04. The words "while operating" show that common parlance and usage of those terms when looking at their meaning must have an "action".

### While Intoxicated

Under the corpus delicti of DWI, if this Court finds the evidence is legally and factually sufficient to prove the first element; (1) the defendant was operating the vehicle, the State's job is not finished. The State must still prove the second element (2) that she was intoxicated while driving. Indications that the accused was intoxicated at the time the police arrived do not in themselves prove intoxication at the prohibited time, i.e. when the accused was driving. See Stoutner v. State, 36 S.W. 3d 716, 721 (Tex. App.-Houston{1st Dist. }2001, pet. ref'd). In order for the evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between the defendant's intoxication and his driving. Kuciemba v. State, 310 S.W. 3d 460, 462 (Tex.Crim. App. 2010).

The purpose of establishing a time for the driving is to "furnish the court with an informed basis for determining the relationship, if any, between the accused's driving and her intoxication, if proven." Kennedy vs. State, 797 S.W. 2d 695, 697 (Tex. App.-Houston }1st Dist.} 1990, no pet. )

Here , no evidence was presented showing what time if any the car was driven when it was parked at the location the officer found it or in what state the Appellant was in at the time the car was operated or parked. There are multiple cases showing this evidence to be insufficient to establish the corpus delicti of driving while intoxicated. In Johnson v. State, 517 S.W. 2d 536, 538 (Tex.Crim.App.1975), the Court found that the evidence failed to support the contention that the defendant drove while intoxicated because there was no evidence of how recently the vehicle has been driven, such as a hot engine.

In Duran v. State, 352 S.W. 2d 739 (Tex. Crim App. 1962) the Court held the evidence insufficient where defendant was shown to be intoxicated, and the driver of the auto at some point in time, but no evidence established when he drove the auto and if at that time he was intoxicated.

In McCafferty v. State, 748 S.W. 2d 489 (Tex. Crim. App. Houston (1st Dist.) 1988, no pet.) the court reversed a DWI conviction because no evidence was introduced showing the defendant did not consume alcohol in the 90-minute interval between the time of driving the vehicle and the arrival of the police. The officer testified the defendant appeared intoxicated when the officer arrived at the scene approximately one hour and 20 minutes after the accident occurred.

In Ballard v. State, 757 S.W. 2d 389, 390 (Tex. App.-Houston (1st Dist. ) 1988, pet ref'd), the appellant was found unconscious and intoxicated in the driver's seat with the engine idling. There was no testimony concerning how long the car had been parked on the shoulder; how long appellant had been intoxicated; how long appellant had been in the car; who had parked the car whether appellant was intoxicated before or at the time the car was parked; or the ownership of the car.Thus, the court held there was insufficient evidence to prove that appellant, while intoxicated, "drove" the car.

## EVIDENCE AT BAR

There is no evidence of the vehicle's transmission being engaged as in Dornbusch v. State, 262 S.W. 3d 432 (Tex. App.-Fort Worth 2008, no pet.) Nor did appellant here inform the officers that she had been driving the car, as in Reynolds v. State, 744 S.W. 2d 156 (Tex.App.-Amarillo 1987, pet. ref'd). Nor was the vehicle found running in a moving lane of traffic as in Hearne v. State, 80 S.W.3d 677 (Tex. App.-Houston (1st Dist. 2002 no pet.) Appellant was simply found walking around the already hit vehicle by the 18 wheeler on the side of the road when the officer arrived to the scene.

## ARGUMENT TWO

The holding of a panel of the Court of Appeals opinion that the evidence is sufficient to show Appellant drove at the time he was intoxicated is erroneous, incomplete, and warrants review.

The Court of Criminal Appeals in Kuciemba noted that "being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident. " Kuciemba v. State, 310 S.W. 3d 460, 462 9Tex. Crim. App. 2010) (emphasis added). In Kuciemba the Court did not go so far to state that such evidence standing alone is sufficient to establish intoxication at the time of driving. Instead, the Court examined the record to determine whether the combination of facts present established the necessary temporal link between intoxication and driving. Td. At 463.

In Kuciemba, finding the totality of the evidence sufficient, the Court relied on the following combination of facts which support an inference that the accident had occurred a short time previously.

- Kuciemba was found behind the steering wheel
- The officer observed Kuciemba slide across the center console and exit on the passenger side
- Kuciemba had blood running down his face, and

- Kuciemba had a red strap mark across his chest where his seat belt would have been
- The evidence showed that no other sources of intoxicants were available to the defendant after the accident.
- Kuciemba was also the cause of the accident.
- Kuciemba was at the scene of a traffic accident.

In this instant case , several of these facts are present. Nance was initially believed to be the cause of the accident until at trial it was proven that there was no way Nance was the cause of a accident where she was hit from behind. Nance was at the scene of the accident but the accident wasn't cause by Nance. While testifying the officer seemed unclear about what really happened that night. (RR. Vol. 4 pg. 36-50) But then he recanted his story when asked how could Nance be the cause of the accident when all of the damage was done to the rear of Nance's BMW. (RR. Vol. 4 p. 53-56). Therefore there is no "circumstantial link of evidence" of any type present in this instant case that intoxication caused the accident at all. In short there is absolutely no evidence that the accident was the defendant's fault and the defendant should not have been placed under arrest.

In Kuciemba Court also found important the fact that a blood specimen was taken at the scene of the accident which showed an alcohol concentration twice the legal limit. The Court of Criminal Appeals reasoned this "supports an inference either that appellant was recently involved in the accident or that he had been intoxicated for quite a while. That type of evidence is also not present in this case. The Defendant in this case did not take a blood specimen but instead was left in the back of a police car for almost a hour and a half before being given a breath sample which she had to take a total of six times due to the failed workings of the machine. Therefore the Court of Appeals must have misconstrued the regulations for establishing for establishing the temporal link set forth in Kuciemba . (Tex. R. App.P. 66.3 (d). The Court of Appeals decision just references a single point that is not even supported by the reporter's record. Therefore, the Kuciemba opinion should not have precedent bearing on this cased, but only just be used as a guideline in determining that the sufficiency of evidence requirement was not met in this case. (Tex. R. App. P. 66.3).

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** there being reversible error appearing in the record of the trial of this case Appellant prays that this Honorable Court grant Appellant's Petition for Discretionary Review, and reverse the decision of the Court of Appeals. In the alternative, Appellant prays that the Court reverse the judgment of the trials court with an order to enter a judgment of acquittal, new trial or further proceedings and or grant such relief for which Appellant is justly entitled.

Respectfully Submitted,

Jessica Nance

P.O. Box 211362

Bedford, Texas 76095

214-650-4387

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing petition for discretionary review of Jessica Nance has been mailed to the following persons listed Jason A. Duff 2615 Lee Street PO BOX 11 Greenville Texas 75043, State of Texas Jeffery Kovach 2500 Lee Street, Greenville, Texas 75401, and the Sixth Court of Appeals 100 North State Line Ave. Ste. 20 Texarkana, Texas 75501.

_____

JESSICA NANCE

## CERTIFICATE OF COMPLIANCE

This petition complies with the word limitations in Texas Rules of Appellate Procedure 934(i)(2). In reliance on the word count of the computer program used to prepare this petition I certify this petition contains _____3317 words.

_____

JESSICA NANCE



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00223-CR

JESSICA NICOLE NANCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1101695

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Jessica Nicole Nance appeals from her conviction, on an open plea of guilty, of driving while intoxicated (DWI), second offense. Following a hearing on punishment, the trial court sentenced Nance to 250 days in jail. Nance's appointed appellate counsel filed an *Anders*[1] brief in this matter detailing the procedural history of the case, summarizing and analyzing the trial evidence, and stating that he found no meritorious issues to raise on appeal. Nance availed herself of the opportunity to file a pro se response. Additionally, she filed several pleadings, labeled motions, raising issues that should have been included in her pro se response. In the interests of justice, we considered the arguments raised in Nance's motions as though they were included in her pro se response.

## I.     Claims of Ineffective Assistance of Counsel

After carefully reviewing Nance's pro se response and the other pleadings she filed with this Court, it is clear that Nance's complaint, on appeal, is that she received ineffective assistance from her appointed trial counsel. Specifically, Nance claims that her trial counsel's assistance was ineffective with respect to each of the following issues: (1) the admissibility and utilization of a prior DWI conviction, (2) Nance's competence to stand trial, and (3) the admissibility, utilization, and refutation of the State's evidence concerning field-sobriety testing.

### A.     Standard of Review

In reviewing a claim of ineffective assistance of counsel, we apply the two-prong test handed down by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

(1984); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The first prong of the *Strickland* test requires a showing that (1) counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Riley v. State*, 378 S.W.3d 453, 456 n.5 (Tex. Crim. App. 2012) (citing *Strickland*, 466 U.S. 668). This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In fact, "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Wiggins v. Smith*, 539 U.S. 510, 521–22 (2003) (quoting *Strickland*, 466 U.S. at 690–91).

The second prong of the *Strickland* test, sometimes referred to as the prejudice prong, requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Id.* at 694. *Strickland*'s second prong carries a lower burden of proof than the preponderance of the evidence standard of the first prong. *See id.*; *Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990). An appellant need not show that counsel's deficient performance more likely than not altered the outcome of the case. *Milburn v. State*, 15 S.W.3d 267, 269 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Instead, a defendant challenging a guilty or nolo contendere plea satisfies the prejudice requirement of *Strickland* by showing a reasonable probability that absent counsel's deficient performance, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

## B. Analysis

### 1. Admissibility and Utilization of Prior DWI Conviction

Nance first claims that her attorney's failure to object to the introduction of evidence of a prior DWI conviction constituted ineffective assistance of counsel. However, evidence of Nance's prior conviction was admissible; the State was required to prove the conviction in order to obtain an enhanced sentence. Accordingly, objections to the introduction of such evidence would have been unavailing. Further, the prior conviction evidence was offered by the State during the punishment phase of trial, after Nance had pled guilty to the court. Pursuant to the Texas Code of Criminal Procedure, during the punishment phase of a trial,

> evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act . . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014). Thus, a wide range of "bad act" evidence is admissible at the punishment phase that might not have been admissible during the guilt/innocence stage. *See Sierra v. State*, 266 S.W.3d 72, 79 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Nance next argues that trial counsel's failure to object to the utilization of her prior DWI conviction for enhancement purposes constituted ineffective assistance of counsel. Nance contends that her prior DWI conviction was an inappropriate basis for enhancement because she successfully completed her community supervision, directing us to a line of cases holding that

4

only final convictions may be utilized for enhancement purposes. *See Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). Nance correctly notes the long-standing principle

> that a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and [community supervision] granted. However, a conviction is final for enhancement purposes where the imposition of sentence has been suspended, [community supervision] granted, but a revocation of the [community supervision] is alleged and proved by the State.

*Id.* (citations omitted); *see Franklin v. State*, 219 S.W.3d 92, 96 (Tex. App.—Houston [1st Dist.] 2006, no pet.). However, Nance fails to recognize that these principles and the cases applying them are inapplicable to the facts of her case. First, the principles relied upon by Nance relate to the general felony enhancement statute, which specifically requires a final conviction. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014). By way of contrast, the statute governing enhancement of intoxication offenses simply requires the State to prove that the individual "has previously been convicted," not that she has been finally convicted. TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2014). Second, the statute that controls the enhancement of intoxication offenses specifically states that a conviction for an intoxication offense that "occurs on or after September 1, 1994, is a final conviction, whether the sentence for the conviction is imposed or probated."[2] TEX. PENAL CODE ANN. § 49.09(d) (West Supp. 2014). Nance's prior conviction occurred long after September 1, 1994. Accordingly, her argument is without merit.

In short, Nance failed to establish that trial counsel's failure to object to the admission of her prior DWI conviction or to the State's use of that conviction for enhancement purposes fell

---

[2]For an extensive discussion of the interaction between and changes to the statutory law in this area, *see Nixon v. State*, 153 S.W.3d 550 (Tex. App.—Amarillo 2004, pet. ref'd), and *Gibson v. State*, No. 05-99-01309-CR, 2000 Tex. App. LEXIS 6921 (Tex. App.—Dallas Oct. 13, 2000, pet. ref'd) (mem. op., not designated for publication).

below an objective standard of reasonableness under prevailing professional norms; consequently, this point of error fails the first prong of *Strickland* and is overruled.

### 2. Competence to Stand Trial

There is not even a suggestion in the record before us that Nance was incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003 (West 2006). This point of error is without merit.

### 3. Admissibility, Utilization, and Refutation of Field-Sobriety Tests and Intoxilyzer Evidence

Finally, Nance complains that trial counsel's acts and/or omissions relating to (1) the testimony of a law enforcement officer concerning the horizontal-gaze nystagmus (HGN) and other field-sobriety tests and (2) the State's evidence concerning the Intoxilyzer—a breath alcohol measurement instrument—amounted to ineffective assistance of counsel.

The Texas Court of Criminal Appeals has taken judicial notice that the scientific theory underpinning the HGN test is sound and that the HGN test, properly administered, is a reliable indicator of intoxication. *Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App. 1994). Additionally, "[t]he Legislature has determined that intoxilyzer test results are admissible when performed in accordance with the Transportation Code and the Texas Department of Public Safety regulations." *Scherl v. State*, 7 S.W.3d 650, 652–653 (Tex. App.—Texarkana 1999, pet. ref'd); *See* TEX. TRANSP. CODE ANN. § 724.064 (West 2011); 37 TEX. ADMIN. CODE §§ 19.1–.8 (Westlaw, Westlaw current through Oct. 15, 2014) (Tex. Dep't of Pub. Safety, Breath Alcohol Testing Regulations).

6

Ineffective assistance of counsel must be shown on the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim App. 1999). Here, the testifying officer was certified to administer standardized field-sobriety tests and to operate the Intoxilyzer, and his testimony related to the administration of those tests to Nance and the operation of the Intoxilyzer in taking Nance's breath sample. Nance has failed to demonstrate how counsel rendered ineffective assistance of counsel by failing to object to this evidence.

With respect to her complaints concerning trial counsel's failure to procure an intoxication expert to counter the State's field-sobriety tests and Intoxilyzer evidence, we first note that the failure to call an expert witness is irrelevant without a showing that such an expert witness was available to testify on the relevant issue. *See Garza v. State*, 298 S.W.3d 837, 842 (Tex. App.—Amarillo 2009, no pet.) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). The record in this case is devoid of evidence demonstrating that an expert witness was available to counter the State's evidence regarding field-sobriety tests and/or the Intoxilyzer test. Nance failed to rebut the strong presumption that trial counsel's decision not to call an expert witness fell within the wide range of reasonable representation. *See Thompson*, 9 S.W.3d at 813. Ineffective assistance of counsel has not been demonstrated.

The motions Nance filed with this Court are premised on the exact same theories and arguments that she raised in her pro se response, and, for the reasons discussed above, the motions are not well taken. Nance's motions are overruled.

7

## II.    *Anders* Requirements

Satisfying the requirements of *Anders* and its progeny, Nance's appointed counsel filed a brief in which he offered a professional evaluation of the record and demonstrated, in effect, why there are no arguable appellate grounds to be advanced on Nance's behalf. *See Anders*, 386 U.S. at 743–44; *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). In further compliance with the requirements of *Anders*, counsel also filed a motion with this Court seeking to withdraw as counsel. As a part of his motion to withdraw, counsel affirmed (1) that he had forwarded copies of his brief and motion to withdraw to Nance, (2) that he had informed Nance of her right to review the record and file a pro se response, and (3) that he provided Nance a copy of the record in this matter.

After an independent review of the appellate record in this matter, we, like Nance's trial counsel, have concluded that there are no genuinely arguable appellate issues and that this appeal is wholly frivolous. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment of the case. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[3]

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Nance in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Nance wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

Jessica Nance
PO Box 21322
Bedford, TX 76095

Court of Criminal Appeals
PO Box 12308
Austin, TX 78711

