

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00017-CR

_____

CHARLES WAYNE PALMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR13-305

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Early one evening, Corporal Andre Phillips of the Kilgore Police Department, responding to a report of a suspicious vehicle, arrived at a busy Kilgore intersection to find, stationary and pointing northbound in the southbound lane, an older Cadillac, the driver's seat of which was occupied by a slumped-over and seat-buckled Charles Wayne Palmer. In talking with Palmer, who was not a Kilgore resident, Phillips noticed that Palmer smelled of alcohol, had glassy, red eyes and slurred speech, was uncoordinated, moved lethargically, and initially could not unbuckle his seatbelt. Palmer also pointed to himself and said, "Bad guy." He produced no driver's license or identification card and gave Phillips an incorrect name and date of birth. After managing to get out of the car, Palmer was unsteady on his feet and ended up staggering and falling.

A Rusk County jury found Palmer guilty of driving while intoxicated (DWI), at least the third such offense, and he was sentenced to eight years' confinement. On appeal, Palmer argues that the evidence supporting his conviction was legally insufficient and that the trial court's judgment left open the possibility that it would improperly assess attorney fees against him.

We modify the trial court's judgment by deleting any possible assessment of attorney fees against Palmer and affirm the judgment, as modified, because (1) sufficient evidence supported the finding that Palmer drove while intoxicated and (2) assessing attorney fees against Palmer would be improper in this case.

*(1)    Sufficient Evidence Supported the Finding that Palmer Drove While Intoxicated*

Palmer claims that there is legally insufficient evidence to support the verdict. Specifically, Palmer contends that there is insufficient evidence that he operated his vehicle while intoxicated.

2

While there is no direct evidence of Palmer's driving, circumstantial evidence is sufficient on the point.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. at 240.

A person commits the offense of DWI, third or more, if the person is operating a motor vehicle in a public place while intoxicated and he or she has twice been convicted of the offense of DWI. TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West Supp. 2016). There must be a temporal link between the defendant's intoxication and his operation of the vehicle. *Kuciemba v.*

3

*State*, 310 S.W.3d 460, 462–63 (Tex. Crim. App. 2010). Here, Palmer contends that there is insufficient evidence that he operated the motor vehicle while intoxicated. We disagree.

Circumstantial evidence that a person operated[1] a motor vehicle is legally sufficient to support a conviction for DWI. *Id.* at 462 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)).

Here, Palmer was found in the driver's seat, wearing his seatbelt, slumped over the steering wheel, and the car was facing against the traffic flow in a busy intersection. In the vehicle were found the vehicle's keys and two liquor bottles, one of which was empty. From that evidence, the jury was free to infer that Palmer drove the vehicle to the scene of his arrest, while intoxicated. *See Weems v. State*, 328 S.W.3d 172, 177 (Tex. App.—Eastland 2010, no pet.) (defendant only person found in rural area where one-vehicle accident occurred). The open containers of alcohol found in the car were evidence from which the jury could have inferred that Palmer was drinking while driving the vehicle. *Warrant v. State*, 377 S.W.3d 9, 14 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). After the arrest, Palmer's blood-alcohol concentration was more than four times the legal limit, and Phillips testified that Palmer smelled of alcohol, that his eyes were glassy and red, that his speech was slurred, that his movements were unsteady and slow, and that he was

---

[1]A person operates a vehicle when the totality of the circumstances demonstrates that the person "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995). "[W]hile driving does involve operation, operation does not necessarily involve driving." *Id.* "Because 'operating a motor vehicle' is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an 'action to affect the functioning of [a] vehicle in a manner that would enable the vehicle's use." *Strong v. State*, 87 S.W.3d 206, 216 (Tex. App.—Dallas 2002, pet. ref'd) (quoting *Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.)), *abrogated on other grounds by Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012); *see also Smith v. State*, 401 S.W.3d 915, 919–20 (Tex. App.—Texarkana 2013, pet. ref'd); *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.).

apologizing, calling himself a "[b]ad guy." Based on Palmer's presence in the driver's seat, the car's position, the open containers, his behavior, and the high level of his inebriation, the jury could have reasonably inferred that Palmer was intoxicated at the time he drove the vehicle to where it was found, thereby establishing the necessary temporal link between Palmer's intoxication and his operation of the vehicle. *See Kuciemba*, 310 S.W.3d at 463.

*(2)      Assessing Attorney Fees Against Palmer Would Be Improper in This Case*

The trial court's judgment states that attorney fees to be assessed against Palmer are "To Be Determined." Palmer argues that the trial court erred by leaving open the possibility that it would assess attorney fees against him. We agree.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2016); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). An assessment of attorney fees against an indigent defendant that leaves the actual amount of the assessment to be determined at some point in the future is improper. Article 26.05(g) of the Texas Code of Criminal Procedure "requires a present determination of financial resources and does not allow speculation about possible future resources." *Cates*, 402 S.W.3d at 252.

Palmer was determined to be indigent before trial, and the trial court appointed an attorney to represent him. The record contains no finding by the trial court regarding a change in Palmer's financial circumstances, and there is no evidence to that effect. Moreover, a change in financial circumstances is belied by the fact that the trial court, after Palmer's conviction, appointed

5

appellate counsel for him.  We therefore sustain this issue and modify the judgment by deleting

"To Be Determined" and substituting an assessment of $0.00 for attorney fees.  *See Martin v. State*,

405 S.W.3d 944 (Tex. App.—Texarkana 2013, no pet.).

We affirm the judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 27, 2016
Date Decided:       August 12, 2016

Do Not Publish